### 64748. PELUSO v. CENTRAL OF GEORGIA RAILROAD COMPANY et al.

SHULMAN, Chief Judge.

This appeal is from the trial court's award of summary judgment to appellee City of Morrow in this action in which appellant seeks to recover for injuries sustained in an automobile-train collision near the intersection of Mt. Zion Road and State Highway 54 in Morrow, Georgia. The complaint alleged that as appellant was driving her vehicle westbound on Mt. Zion Road and approaching the intersection with Highway 54, a traffic light forced her to come to a

halt where railroad tracks cross Mt. Zion Road east of the intersection. Her car stalled on the tracks and she attempted to flee when a train approached. She was, however, unable to get far enough away from her vehicle to escape injury when the train struck the automobile and propelled it against her. Various specifications of negligence are made, all of which relate to an alleged public nuisance created by the alleged failure of appellee to place proper warning devices at the railroad crossing on Mt. Zion Road and the intersection of Mt. Zion Road and Highway 54.

A review of the record in this case shows that the trial court did not err in granting appellee's motion for summary judgment. Affidavits and deposition testimony show without contradiction that the subject portion of Mt. Zion Road is owned, maintained, and repaired by Clayton County or the railroad rather than appellee. All Mt. Zion Road traffic control devices and their maintenance, including those at the railroad crossing and the intersection with Highway 54, are the property and responsibility of Clayton County or the railroad. Code Ann. §§ 95A-401 (a); 95A-901 (c); 95A-1006 (OCGA §§ 32-4-41; 32-6-50; 32-6-190). Code Ann. § 95A-505 (b) (OCGA § 32-4-93) specifically provides: "A municipality is hereby relieved of any and all liability resulting from or occasioned by defective construction of those portions of the State Highway System or county road system lying within its corporate limits or resulting from the failure of the department or the county to maintain such roads as required by law unless the municipality constructed or agreed to perform the necessary maintenance of such road."

The record contains no evidence that appellee actually has performed or has agreed to perform maintenance on Mt. Zion Road. The affidavits of the Morrow City Manager and the Clayton County Traffic Engineer establish that Mt. Zion Road is maintained and repaired for traffic control exclusively by Clayton County and that appellee has not assumed any responsibility for such maintenance and repair. All traffic control devices, other than those constructed by the railroad, have been constructed by Clayton County. The facts that the intersections are within appellee's police jurisdiction or that Clayton County may have consulted with appellee prior to erecting traffic control devices, even if true, provide no evidence that appellee has assumed responsibility for maintenance of the section of road in question.

Since no genuine issue of material fact exists as to appellee's liability to appellant in this action, the trial court did not err in granting appellee's motion for summary judgment. Code Ann. § 81A-156 (OCGA § 9-11-56).

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., con-*

*curs specially.*

Decided January 4, 1983 —
Rehearing denied January 27, 1983.

*Harold G. Benefield, John C. Carbo III, Benjamin B. Garland,* for appellant.
*Michael Goldman, William H. Major III,* for appellees.

Carley, Judge, concurring specially.
Because I am constrained to conclude that the issues in this case are controlled adversely to appellant by the principles enunciated by the Supreme Court in *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419 (249 SE2d 224) (1978), I reluctantly concur in the affirmance of the grant of summary judgment to appellee.