A91A0388. McPHERSON et al. v. CITY OF FORT OGLETHORPE.
(407 SE2d 99)

COOPER, Judge.

Plaintiffs appeal from the grant of summary judgment to one of several co-defendants in a negligence and nuisance action.

In 1979, the City of Fort Oglethorpe (the "City") applied for a permit to erect a traffic signal device at the intersection of Van Cleve Street and State Route 2, a seven-lane undivided highway which is a part of the State highway system. The application contained the following language: "In the event that the State Department of Transportation issues a permit for the erection of a traffic signal . . . the [City] agrees to install and operate traffic signal equipment which conforms with equipment, installation and operating standards approved by the State Department of Transportation and further agrees to install and operate said signal equipment as specified in the permit

and in conformance with standard and subject to provisions set forth herein." The application also contained an indemnification clause which stated: "The [City] agrees to place necessary barricades, warning signs, signals, lights, and if necessary, watchmen, for the protection of the traveling public, and agrees by the issuance of a permit based on this application to keep and hold [DOT] harmless from any and all damages caused by the erection, operation, maintenance, use, failure or removal of said signal." The permit was issued by the State Department of Transportation and the traffic signal was installed. The accident which is the subject matter of the lawsuit occurred when two pedestrians were struck by a car as they attempted to cross State Route 2. Both pedestrians were injured, and one of them subsequently died as a result of her injuries. The decedent's administratrix brought an action, individually and on behalf of the decedent's estate, against the driver, the City, the State Department of Transportation and several agents of the Department of Transportation, alleging that the traffic signal at the intersection where the accident occurred was negligently operated and maintained by the City, and that the operation and maintenance of the traffic signal constituted a nuisance. Specifically, plaintiffs argue that the timing sequence on the traffic signal did not give sufficient time for pedestrians to cross State Route 2. The trial court granted summary judgment to the City. The action is still pending against the remaining co-defendants.

1. Plaintiffs contend that the trial court erred in granting summary judgment to the City on plaintiff's claim of negligence. OCGA § 32-4-93 (b) provides: "A municipality is relieved of any and all liability resulting from or occasioned by defective construction of those portions of the state highway system . . . lying within its corporate limits or resulting from the failure of the department or the county to maintain such roads as required by law unless the municipality constructed or agreed to perform the necessary maintenance of such road." It is undisputed that State Route 2 at its intersection with Van Cleve Street is part of the State highway system. It is also undisputed that DOT engineered, constructed, maintained and set the timing sequence for the traffic control at that intersection and that the City had no discretion or decision-making power with regard to the location, sequencing or timing of the traffic signal. Plaintiffs argue that the City agreed in the permit application to be responsible for maintenance of the traffic signal; therefore, the City is not relieved from liability under OCGA § 32-4-93 (b). We do not agree with plaintiffs. The application for a permit is merely the means by which the City agreed to install and operate the traffic signal in accordance with DOT's regulations. *City of Fairburn v. Cook*, 188 Ga. App. 58 (372 SE2d 245) (1988), cited by plaintiffs, is distinguished because in that case the issue was the visibility of the traffic signal, and there was

evidence that the City of Fairburn exercised a certain amount of discretion in the location of the traffic signal. In the case sub judice, there is uncontroverted evidence that DOT had complete control and authority regarding the timing and sequence of the traffic signal, and plaintiffs failed to show any agreement by the City to maintain the traffic signal. Because plaintiffs did not establish any duty of the City to maintain the traffic signal, an essential element of negligence is missing (see *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982)), and there can be no liability on the part of the City. Since no issue of fact exists as to the City's liability, the trial court properly granted summary judgment to the City on plaintiffs' claim for negligence. *Peluso v. Central of Ga. R. Co.*, 165 Ga. App. 215 (299 SE2d 51) (1983).

We find no merit to plaintiffs' argument that they are direct beneficiaries of the indemnity agreement in the application. It is clear from the record that the City neither agreed to undertake any responsibility regarding the maintenance of the traffic signal nor undertook any such responsibility for which they could hold DOT harmless. Plaintiffs have also failed to show that DOT and the City intended that plaintiffs be beneficiaries under the application. See *Walls, Inc. v. Atlantic Realty Co.*, 186 Ga. App. 389 (1) (367 SE2d 278) (1988).

2. Plaintiffs contend that the trial court erred in granting summary judgment to the City on their nuisance claims. "[T]he plaintiffs' evidence failed to show that the [C]ity had committed an act which created the dangerous condition or that the [C]ity had failed to perform an act that it was under a duty to perform which would rectify the dangerous condition. Therefore, the [C]ity's motion for [summary judgment] was correctly granted." *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 427 (4) (249 SE2d 224) (1978).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1991.

*Mitchell, Coppedge, Wester, Bisson & Miller, Warren N. Coppedge, Jr.*, for appellants.

*Gleason & Davis, John W. Davis, Jr., Drew, Eckl & Farnham, Theodore Freeman, Nena K. Puckett*, for appellee.