A97A0552. BATCHELOR v. BROWN et al.

(486 SE2d 53)

POPE, Presiding Judge.

After their property was damaged in a fire started by a child who lived next door, plaintiffs Wally Brown and Dorothy Poole sued the child's mother and David Batchelor, the appellant here, for negligence in supervising the child. David Batchelor was married to the child's mother, but was not the child's father or guardian. And at the time of the fire, David Batchelor and the child's mother were separated, so he was not even present at the house that day. Accordingly, even if we assume all other elements of this cause of action can be shown, David Batchelor cannot be liable because he did not undertake to supervise the child and had no duty to supervise the child. The trial court's denial of David Batchelor's motion for summary judgment is therefore reversed. Cf. *McPherson v. City of Ft. Oglethorpe*, 200 Ga. App. 129, 131 (1) (407 SE2d 99) (1991) (if plaintiff cannot establish duty, an essential element of negligence, defendant cannot be liable and summary judgment is proper).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 7, 1997.

Before Judge Cramer.

*Webb, Carlock, Copeland, Semler & Stair, William E. Zschunke, Melissa C. Duffey*, for appellant.

*C. Arthur Moss, Jr.*, for appellees.