A04A1501. SPIVEY et al. v. HEMBREE et al.

(602 SE2d 246)

ELDRIDGE, Judge.

Appellant-plaintiff Bonnie Spivey ("Spivey") brought the instant wrongful death suit, as amended, individually and as temporary administratrix of the estate of Jamie Spivey ("Jamie" or "Ms. Spivey"), her adopted daughter, deceased, against appellees-defendants Sharon Hembree ("Hembree") and Shirley Cain Solt. Spivey alleged liability in Hembree and Solt under theories of negligent supervision and premises liability, Bradley Hembree ("Bradley," "son," or "Mr. Hembree"), Hembree's natural son, having killed Jamie in the living room of the 24 Berkshire Court residence (the "property" or "residence") in Savannah in which Jamie then lived with Bradley and Hembree. Solt, Hembree's natural mother, moved for summary judgment, arguing: (a) that, as Bradley Hembree's grandmother, she had no duty to supervise him, a bond order having released him to his mother's supervision; and (b) that she had no duty to safeguard the premises in which Bradley lived in that she was not his landlord. Hembree moved for summary judgment separately, arguing: (a) that she had breached no duty to supervise her adult son because at the time he shot and killed Ms. Spivey she was in compliance with the bond order, as later amended; and (b) that she had no duty to safeguard the premises in which she and Ms. Spivey resided because she was a tenant therein, not a landlord. The Chatham County State Court granted Solt summary judgment on her motion. To Hembree, the court granted summary judgment on Spivey's negligent supervision claim, finding no jury question as to her duty to supervise her son at the time of her son's death and no breach of her duty to her son under the bond order, as amended. Otherwise, the state court denied Hembree summary judgment on Spivey's premises liability claim. The state court issued a certificate of immediate review, and this Court granted Spivey's application for interlocutory appeal. See

OCGA § 5-6-34 (b).[1] Spivey appeals from the grants of summary judgment against her. Finding no jury question remaining upon the grants of summary judgment in issue, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997)." (Punctuation omitted.) *Walker v. Gwinnett Hosp. Sys.*, 263 Ga. App. 554, 555 (588 SE2d 441) (2003). A trial court's grant of summary judgment is reviewed de novo on appeal, construing the evidence in the light most favorable to the nonmovant. *Ethridge v. Davis*, 243 Ga. App. 11, 12 (530 SE2d 477) (2000).

Viewed in the light most favorable to nonmovant Spivey, the record reveals that Jamie Spivey and Bradley Hembree were romantically involved. In May 2001, upon Spivey's invitation, Mr. Hembree moved into her home, Jamie then living with her mother. Later that month, Jamie ran away, driving with Bradley to Oklahoma where they were arrested for driving a stolen vehicle. While they were gone, the Chatham County grand jury returned an indictment against Bradley, charging him with armed robbery, aggravated assault, possession of a firearm during the commission of each offense, financial card transaction theft, and theft by receiving a stolen vehicle. The two were returned to Georgia in June 2001. Bradley was then incarcerated in the Chatham County jail, remaining there until October 17, 2001, when he was released upon a bond order issued by the Chatham County Superior Court. The order placed him on a 24-hour curfew except for medical treatment monitored by pretrial release officers and required that he be supervised by Hembree during her nonworking hours. In December 2001, Hembree learned that the superior court had orally amended its bond order on October 18, 2001, allowing Bradley to obtain employment. Jamie lived with her brother and his wife after returning from Oklahoma, moving in with them in September 2001. However, when difficulties arose between Jamie and her brother's wife, Jamie moved in with Bradley once more, this time at the 24 Berkshire Court residence which he then shared with Hembree. Hembree had initially moved into the residence to care for its owner, her ailing sister and Solt's second daughter, Barbara Wood.

---

[1] This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal. See OCGA § 9-11-56 (h); *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 827 (1) (435 SE2d 54) (1993) (a direct appeal may be taken from the grant of a motion for summary judgment on any issue or as to any party).

At some time prior to 3:45 p.m., on January 14, 2002, Jamie died, the apparent victim of a shotgun blast fired by Mr. Hembree, then 18, as the two sat on the sofa in the living room of the residence.[2] That day Hembree had come home from work twice, once for lunch at 11:30 a.m., going back to work at noon, and again at 2:45 p.m. to take Bradley to work. Jamie and Bradley had been at home during her lunch break; only Bradley was present when she returned at 2:45 p.m. Hembree found their bodies a day later in the shed behind the residence. An autopsy performed on Bradley indicated that he died in an apparent suicide as a result of a self-inflicted gunshot wound to the chest.

Other evidence of record showed that the Chatham County Probate Court qualified Solt as Wood's administratrix on November 21, 2000, and that Wood's 24 Berkshire Court residence was conveyed to Melissa Lauren Wood ("Ms. Wood"), Wood's daughter, as a year's support on June 5, 2001. Hembree and Ms. Wood continued living in the residence after Wood's death, Hembree paying rent to Solt, and Solt, as Ms. Wood's financial guardian,[3] depositing such monies in a guardianship account for Ms. Wood's benefit and later selling the property for her. Further, it is undisputed in the record that Solt had no role in supervising the 24 Berkshire Court residence. Neither did she live there nor had she ever had any ownership interest in the property. *Held*:

1. Summary Judgment for Solt.

(a) Spivey contends that the state court erred in granting summary judgment to Solt upon her negligent supervision claim that her daughter's death was attributable to Solt's failure to adequately supervise Bradley Hembree after his release on bond. However, essential to any claim of negligence is a duty of care, *McPherson v. Ft. Oglethorpe*, 200 Ga. App. 129, 131 (1) (407 SE2d 99) (1991), and here we find none. Pertinently, the amended bond order in issue provided that Hembree supervise him only when he and she were not at work. The order was directed to Hembree as Mr. Hembree's mother, not to Solt as his grandmother. And Solt neither lived in nor had any supervisory responsibility as to the 24 Berkshire Court residence. Spivey has come forward with nothing in Georgia law or otherwise requiring a grandmother to supervise her grandson under these circumstances. We have found none.

---

[2] Ms. Spivey and Mr. Hembree were pronounced dead at 9:54 a.m. and 9:50 a.m., on January 15, 2002.

[3] "[I]t is the duty of the guardian's [Wood's] personal representative to render an account and turn over the property in his hands to the proper person; and the guardianship continues, in a sense, to exist for that purpose only. [Cit.]" *Harrison v. Tonge*, 67 Ga. App. 54, 57 (19 SE2d 535) (1942).

Even where there is a custodial relationship, nonliability is determinable as a matter of law where the child's age, experience, and capacity combine to shift the custodian's responsibility for the child's safety from the custodian to the child. *Atlanta Affordable Housing Fund, L.P. v. Brown*, 253 Ga. App. 286, 291-292 (2) (558 SE2d 827) (2002); see, e.g., *Sayed v. Azizullah*, 238 Ga. App. 642, 644 (519 SE2d 732) (1999) (child 14 years of age, versus one of tender years, presumptively chargeable with same standard of diligence for personal safety as adult). And absent a custodian's assumption of a special relationship of control over an adult child living at home, as here, see *Coleman v. Coleman*, 240 Ga. 417, 422-423 (5) (240 SE2d 870) (1977) (age of majority is 18), there is no liability for the conduct of such child. *Trammel v. Bradberry*, 256 Ga. App. 412, 418 (2) (568 SE2d 715) (2002). Spivey thus having failed to establish a duty of care in Solt, her negligent supervision claim must fail as a matter of law for no evidence of the essential element of duty. "If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Walker v. Gwinnett Hosp. Sys.*, supra; *McPherson v. Ft. Oglethorpe*, supra.

(b) Neither did the state court err in granting summary judgment to Solt on Spivey's premises liability claim made upon the apparent contention that Solt's status was that of a landlord as to the 24 Berkshire Court residence.[4] "The relationship of landlord and tenant is created when the *owner* of real estate grants to another person, who accepts such grant, the right simply to possess and enjoy the use of such real estate either for a fixed time or at the will of the grantor." (Emphasis supplied.) OCGA § 44-7-1 (a). In this regard, the undisputed evidence of record is that Barbara Wood owned the 24 Berkshire Court residence at the time of her death. Solt was qualified as the administratrix of Wood's will. The residence was later conveyed to Ms. Wood as a year's support and sold thereafter by Solt in her capacity as Ms. Wood's guardian. While Hembree remained in the residence after Wood died paying rents to Solt, Solt collected these monies and deposited them in an account for Ms. Wood, not as Hembree's landlord, but as Ms. Wood's financial guardian. *Harrison v. Tonge*, supra. There was no rental agreement between Solt and Hembree. There had been none between Wood and Hembree. None was averred. Spivey having failed to come forward with evidence showing Solt to have been the owner of the 24 Berkshire Court residence, her premises liability claim against Solt will not lie for want of a landlord-tenant relationship giving rise to the necessary

---

[4] Spivey does not expressly contend that Solt's status was that of a landlord.

duty of care. OCGA § 44-7-1 (a); *Harrison v. Tonge*, supra; *Lau's Corp. v. Haskins*, supra. Even were Solt deemed a landlord, as an out-of-possession landlord having no role in supervising the residence, Solt would have had no duty of care as to the negligent acts of third-party tenants. OCGA § 44-7-14; *Colquitt v. Rowland*, 265 Ga. 905, 906 (1) (463 SE2d 491) (1995); compare *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989) (out-of-possession landlord responsible for damage arising out of defective construction or for failure to keep premises in repair). Under these circumstances, the state court's grant of summary judgment for Solt on Spivey's claim of premises liability was proper.

2. Summary Judgment for Hembree.

(a) Spivey contends that the state court erred in granting Hembree summary judgment on her negligent supervision claim upon the ruling that Hembree had no duty to supervise her son at the time of Ms. Spivey's death. As her adult child subject to her supervisory responsibility under the amended bond order alone, Hembree had a duty to supervise her son during their nonworking hours only. *Trammel v. Bradberry*, supra. The uncontroverted evidence of record is that Jamie Spivey's death occurred in the residence on January 14, 2002, at some point between the time Hembree returned to work from lunch at noon when she found Jamie and Bradley at home and 2:45 p.m. that day, when she came home to take Bradley to work finding him still there and Jamie absent. Such evidence showing that Ms. Spivey's death occurred when Hembree had no duty to supervise her adult son, Hembree, as a matter of law, had no duty to supervise her son at the time Ms. Spivey died. Accordingly, summary judgment for Hembree was proper on Spivey's negligent supervision claim directed to the time of Ms. Spivey's death. *Lau's Corp. v. Haskins*, supra; *Trammel v. Bradberry*, supra.

(b) There being no genuine issue of fact as to the duty to supervise element of Spivey's negligent supervision claim at the time of Ms. Spivey's death, Division 2 (a), we need not address the further argument which Spivey makes in this regard, i.e., that the state court erred in granting Hembree summary judgment upon the ruling that no genuine issues of material fact remained as to Hembree's duty to supervise her son under the terms of the amended bond order. *Lau's Corp. v. Haskins*, supra. Moreover, contrary to the foregoing contention, the state court ruled that no jury question remained as to any breach of duty under the bond order. Because such issue was not raised and litigated in the trial court, there would have been nothing for us to review in any event thereon. *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

490

*Savage, Turner & Pinson, Robert S. Kraeuter, Christopher D. Britt,* for appellants.

*Weiner, Shearouse, Weitz, Greenberg & Shawe, Malcolm Mackenzie III, Anthony R. Casella, Ashby & Metts, James B. Ashby,* for appellees.