## A06A1281. HEMBREE v. SPIVEY et al.

(637 SE2d 94)

SMITH, Presiding Judge.

This is the second appearance of this case before this court. In November 2001, 16-year-old Jamie Spivey moved into a house owned by her 18-year-old boyfriend's mother. On January 14, 2002, the boyfriend, Bradlee Hembree, shot Spivey to death there and killed himself shortly thereafter. The administrator of Spivey's estate (Spivey) later sued the boyfriend's mother, Sharon Hembree, and his grandmother for wrongful death. In *Spivey v. Hembree*, 268 Ga. App. 485 (602 SE2d 246) (2004), we affirmed the trial court's grant of summary judgment to the grandmother as well as its grant of partial summary judgment to Hembree on Spivey's claim that Hembree had negligently supervised her son. Id. at 487-489 (1), (2).

On remand, and after further discovery, Hembree moved for summary judgment on the remaining premises liability claim. After the trial court denied the motion, Hembree applied for interlocutory review, which we granted. On appeal, Hembree argues that because Spivey has failed to refute evidence that Jamie had superior knowledge of the risk posed by Bradlee, the trial court erred when it denied Hembree's motion for summary judgment. We agree and therefore reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. [Cits.]" (Punctuation omitted.) *Walker v. Gwinnett Hosp. System*, 263 Ga. App. 554, 555 (588 SE2d 441) (2003). A trial court's grant of summary judgment is reviewed de novo on appeal, construing the evidence in the light most favorable to the nonmovant. *Ethridge v. Davis*, 243 Ga. App. 11, 12 (530 SE2d 477) (2000). Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the nonmovant must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact. *Weldon v. Del Taco Corp.*, 194 Ga. App. 174 (390 SE2d 87) (1990).

The record shows that in its first order denying summary judgment,[1] the trial court found that although Hembree had not actually known that Jamie was in danger, a question of material fact existed as to whether Hembree *should have foreseen* that danger. The court based its ruling on evidence of Hembree's knowledge of incidents including that (a) at the time of the murder, Bradlee was out of jail on bond concerning an armed robbery charge; (b) Bradlee had allowed another young man who had committed a crime to leave a gun at Hembree's house; (c) Bradlee and Jamie had run away to Oklahoma in a stolen car, with the police there considering Bradlee "armed and dangerous"; and (d) a neighbor had called Hembree a week before the murder, told her that his house had been burglarized, informed her of his suspicion that Bradlee had committed the burglary, and asked that she search her house for his missing guns.

In support of her second motion for summary judgment on the premises liability claim, Hembree filed affidavits from two friends of the dead couple. The first friend averred that Bradlee "would be abusive toward Jamie" and that "she was sometimes concerned about his behavior towards her," and the second averred that Bradlee showed him guns in the presence of Jamie. Despite what it recognized to be new evidence, the trial court again concluded that a genuine issue of fact remained concerning Hembree's superior knowledge.

As a preliminary matter, we reject Spivey's argument that because Jamie was only 16 years old at the time of the murder, her awareness of the hazards posed by Bradlee cannot establish her superior knowledge concerning them as a matter of law. Georgia long ago established 14 years as the age of responsibility for purposes of negligence. A young person over that age must offer proof to rebut the presumption that she is chargeable with the same degree of care as an adult. *Sheetz v. Welch*, 89 Ga. App. 749, 753-754 (5) (81 SE2d 319) (1954) (16-year-old failed to offer proof that he was not of normal intelligence for his age). No such evidence has been offered here. Indeed, Jamie's relationship with Bradlee and her move into Hembree's house indicate that she was allowed to assume substantial responsibility for her own safety. We turn, then, to the principal questions in this case: what each resident of the household knew about Bradlee, and whether Jamie's death was foreseeable.

Assuming that Jamie was a tenant, and therefore an invitee rather than a licensee, Hembree owed Jamie only a duty of ordinary care in keeping her house safe. OCGA § 51-3-1; *Robinson v. Kroger*

---

[1] Hembree did not apply for interlocutory review of the trial court's denial of her first motion for summary judgment. See *Spivey*, supra, 268 Ga. App. at 486. We therefore address the viability of Spivey's premises liability claim for the first time.

*Co.*, 268 Ga. 735, 741 (1) (493 SE2d 403) (1997). In *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157 (342 SE2d 468) (1986), we noted that any inquiry into relative states of knowledge must go forward in the context of a general foreseeability analysis:

> When the alleged breach of the proprietor's duty to keep the premises safe is based on its negligent failure to protect the invitee from acts and consequences of the acts of a third party which the invitee himself was powerless to prevent by ordinary care, it is of no benefit to ponder whether the invitee knew of the incipient danger, and it would be illogical to excuse the proprietor's negligence merely because the plaintiff invitee was aware of a potential peril he could not escape. The true basis of liability in such a case is the *foreseeability* of the consequences by the proprietor, which consequences the plaintiff could not avoid with use of ordinary care.

(Citation and punctuation omitted; emphasis in original.) Id. at 160. In such cases, a plaintiff must show that "the incident causing the injury is *substantially similar in type to previous criminal activities occurring on or near the premises at issue.*" (Citation and punctuation omitted; emphasis supplied.) *Aldridge v. Tillman*, 237 Ga. App. 600, 604 (2) (516 SE2d 303) (1999).

Even if Hembree knew more about Bradlee's criminal past than Jamie Spivey, it does not follow that Hembree knew more about her son's violent designs *on Jamie* than the girl herself did. As we have previously explained in a similar case arising from a boyfriend's assault on his girlfriend on the defendant store owner's property:

> This was not a random stranger attack but rather grew out of a specific private relationship which had no connection with the premises or employment whatsoever. The place chosen by the boyfriend for the attack just happened to be the employer's store. The employer did not create or allow to exist an environment which placed Johnson at risk any more than if she had been at home or on the street.

(Citation and punctuation omitted.) *Johnson v. Holiday Food Stores*, 238 Ga. App. 822, 824 (1) (520 SE2d 502) (1999). Here, there is no dispute that Jamie was with Bradlee when he was apprehended as armed and dangerous by the Oklahoma police, and that friends of the couple noted both Bradlee's abusive treatment of Jamie and his display of firearms in front of her. The burden therefore shifted to Spivey to show that Hembree had greater knowledge than Jamie

must have had of the danger posed by Bradlee to her. Yet there is no evidence in the record that Bradlee had previously committed an assault or another such crime on or near Hembree's property, or against any member of the household.

For all these reasons, we conclude that under the undisputed facts, Hembree did not have superior knowledge of the danger posed by Bradlee to Jamie Spivey, whose death was not foreseeable as a matter of law. See *Clark*, supra, 178 Ga. App. at 162 (affirming a directed verdict in favor of the business owner); *Aldridge*, supra, 237 Ga. App. at 606 (affirming a grant of summary judgment to a grandmother whose husband attacked her grandson in the grandmother's home). We therefore reverse the trial court's denial of summary judgment to Hembree.

*Judgment reversed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 27, 2006.

*Ashby & Metts, James B. Ashby*, for appellant.
*Savage, Turner, Pinson & Karsman, Robert S. Kraeuter*, for appellees.