A06A2077. STURDIVANT v. MOORE.
(640 SE2d 367)

SMITH, Presiding Judge.

This is an appeal from the grant of summary judgment in favor of the defendant in a premises liability case. Lonnie Sturdivant ("Sturdivant") was attending a Fourth of July party at the home of appellee Robert Moore when he was found unconscious at the bottom of Moore's swimming pool, could not be revived, and later died. Appellant Hagger Sturdivant ("Ms. Sturdivant"), his surviving spouse, filed this action alleging that Moore was negligent in failing to keep the premises safe. After discovery, the trial court granted Moore's motion for summary judgment, and Ms. Sturdivant appeals. Because Ms. Sturdivant has failed to show any causal connection between the alleged defect in the premises and the decedent's death, we affirm.

Construed in favor of the plaintiff, the evidence shows that Sturdivant had never visited Moore's house before. He arrived at Moore's Fourth of July party about 6:00 p.m. He immediately changed into his swim trunks and began swimming and diving into the pool. Other partygoers and the host saw him repeatedly dive from the diving board into the pool and swim across the pool without distress or difficulty. Sturdivant was 44 years old and a good swimmer.

Some time later in the evening, Sturdivant's body was discovered on the bottom of the pool. He was pulled from the water and a guest administered CPR; he was transported to the hospital but never regained consciousness. Life support was removed several days later.

The basis of liability proposed by Ms. Sturdivant is Moore's failure to turn on the pool's interior light at some earlier time, arguably making it more difficult to see a person in distress. The trial court granted summary judgment on the ground that Sturdivant had equal or superior knowledge of the conditions in and around the pool yet chose to continue to swim. Both here and below, Ms. Sturdivant relies almost entirely on *Coates v. Mulji Motor Inn*, 178 Ga. App. 208

(342 SE2d 488) (1986), in which this court reversed a grant of judgment notwithstanding the verdict. The plaintiffs in that case asserted that the condition of a motel swimming pool, including poor lighting, contributed to the death of the decedent. In its order in this case, the trial court correctly pointed out that *Coates* was decided by a deeply divided court, with only three judges concurring in the entire majority opinion, one concurring in Division 2 and the judgment, two concurring in the judgment only, two dissenting, and one concurring only in the judgment of the dissent. *Coates* is therefore physical precedent only, not binding precedent. Court of Appeals Rule 33 (a).[1]

Moreover, *Coates* involved an invitee who drowned in a motel swimming pool rather than a social guest at a private home. Sturdivant, as a social guest, was a licensee, and under Georgia law the landowner owed a duty to him not to injure him wilfully or wantonly. *Hemphill v. Johnson*, 230 Ga. App. 478, 481 (2) (497 SE2d 16) (1998). In *Hemphill*, we observed: "The existence and condition of [the] pool was open and obvious. Further, a swimming pool is not per se a mantrap. [Cit.]" Id.

Here, however, we need not decide whether Moore as a private homeowner had a legally enforceable duty to turn on the interior pool light at some point during the approximately three hours between the time Sturdivant began swimming and the onset of darkness.[2] Nor need we decide if Sturdivant's knowledge of lighting conditions around the pool was equal or superior to that of Moore, as the trial court found. "[A] judgment right for any reason will be affirmed on appeal." (Citation, punctuation and footnote omitted.) *Hall v. Coleman*, 264 Ga. App. 650, 653 (1) (592 SE2d 120) (2003). In this case, we affirm because Ms. Sturdivant has failed to show a causal connection between any breach of duty on the part of Moore and Sturdivant's death.

Ms. Sturdivant argues that Moore's failure to turn on the interior pool light at some earlier time prevented someone from seeing her husband earlier and rescuing him in time to prevent injury or death. But this argument is based upon assumptions and speculation rather than the facts established by the record. No witness testified to the

---

[1] Although the trial court observed that the nominal majority in the *Coates* decision contrasts the knowledge of "the innkeeper and the young guest," id. at 211, this is not a valid distinction, as the decedent in *Coates* was 17 years old. "Georgia long ago established 14 years as the age of responsibility for purposes of negligence. A young person over that age must offer proof to rebut the presumption that she is chargeable with the same degree of care as an adult. [Cit.]" *Hembree v. Spivey*, 281 Ga. App. 693, 694 (637 SE2d 94) (2006).

[2] According to United States Naval Observatory tables, civil twilight on July 4, 2002 ended at 9:02 EDT. Civil twilight is defined by the Observatory as "the limit at which twilight illumination is sufficient, under good weather conditions, for terrestrial objects to be clearly distinguished."

exact time at which Sturdivant was discovered, nor to the time at which he was last seen swimming and diving normally. The person who removed him from the pool did not testify.

Several guests were able to describe only the general light conditions at or around the time Sturdivant was found. One witness testified that "it hadn't gotten dark. It was just dusk to dark" when he was found. This witness spoke briefly to Mr. Sturdivant in the shallow end of the pool when he arrived, and she did not see him after that, although she did see him dive into the pool once. She declined to say exactly how long he had been underwater; she "couldn't tell you exactly how long he was in there. I just don't remember seeing him." Another witness stated that a child told her that something was on the bottom of the pool when "[i]t was daylight, but yet it was in the middle; . . . getting a little dark but you could still see." She was unable, however, to testify as to how much time had elapsed from the last time she had seen Sturdivant swimming and diving to the time he was pulled from the water. The police report, which presumably would give the time of the emergency call, does not appear in the record, and the parties do not cite to it. The report, however, would indicate only the time a call was made, not necessarily the time at which Sturdivant was found.

The emergency room physician who treated Sturdivant testified that it was not possible to determine how long Sturdivant could have remained underwater before suffering permanent injury or death, because that time varies depending upon the individual. The doctor was only able to testify that in most cases "brain injury begins to occur after four to six minutes of inadequate oxygenation." He declined to agree that Sturdivant would not have suffered brain injury if removed from the water earlier, responding only "it depends upon the person."

To prevail on summary judgment, the movant must demonstrate that no genuine issue of material fact exists and that the undisputed facts, when viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). A defendant movant can prevail on summary judgment by demonstrating that the evidence in the record is insufficient to create a jury issue on one element of the plaintiff's claim. If the defendant shows this, the burden shifts to the plaintiff to present evidence that gives rise to a triable issue. Id. "There is no evidence in this case that [the] drowning was proximately caused by any defect in the pool." *Hemphill*, supra at 481 (2). No evidence was presented showing how long Sturdivant was underwater, nor the time at which discovery of his plight could have averted injury or death. Nor is there any evidence as to how much more quickly he could have been discovered had the pool been illuminated

by an interior light. Given the complete absence of evidence on these crucial points, it would be mere speculation to conclude that Moore's failure to turn on the pool light at some unspecified earlier time caused Sturdivant's death. The trial court therefore did not err in granting Moore's motion for summary judgment.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 13, 2006.

*Murphy A. Cooper,* for appellant.

*Brannen, Searcy & Smith, Jordon D. Morrow, Mark H. Glidewell,* for appellee.