A06A1707. SHANNON v. FORTENBERRY.
(642 SE2d 229)

SMITH, Presiding Judge.

Stephanie Shannon sued Judy and Jewel Fortenberry for the wrongful death of her 18-year-old daughter, Keonna Smith, in a tragic car accident. The trial court granted summary judgment to the Fortenberrys and Shannon appeals. For the reasons set forth below, we affirm.

On appeal, we review the trial court's grant of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Hembree v. Spivey*, 281 Ga. App. 693 (637 SE2d 94) (2006). So viewed, the record shows that between 9:00 and 10:00 p.m. on January 24, 2003, water pipes in the Fortenberrys' storeroom burst, causing water to run down their driveway into the four-lane road in front of their home, Flat Shoals Road. The water ran down the gutter along the curb on the same side of Flat Shoals Road as the

---

[14] *Hammack v. Hammack*, 281 Ga. 202, 203 (635 SE2d 752) (2006).

defendants' home for approximately 50 yards. At that point, the water crossed to the lower side of Flat Shoals Road and into a drain.

Judy Fortenberry was home alone when she noticed that cars driving past her home "sounded like they was going through water." She immediately looked outside and "saw water coming from the back area of [her] home . . . like a water hose . . . was turned on." She called 911 several minutes later. The fire department received the dispatch at 9:49 p.m. and arrived at the Fortenberrys' home five minutes later.

Judy Fortenberry met the firemen in the driveway and showed them the room from where the water originated. A fireman pulled the sheet rock off the side wall in the utility room to find the leak and determined that the water needed to be shut off at the street because the leak was below the cut-off valve. The firemen shut the water off at the street within five minutes after their arrival.

After shutting off the water, the fire captain instructed Judy Fortenberry to call a plumber to replace and repair her pipes. He did not instruct her to place salt or sand in the water on the road because it "wouldn't be her place to do nor would it be [his] place to tell her to do it." According to the captain, it would not be appropriate for a private person to direct traffic, provide warnings, or place salt or sand on a four-lane highway.

Fire department personnel left the Fortenberrys' home at 10:02 p.m., and the captain notified his dispatcher that a sand truck should come to that location if the temperature dropped below freezing because there was water in the roadway. The captain did not close Flat Shoals Road at that time because no ice had formed and, in his opinion, the temperature was above freezing.

At approximately 11:00 p.m., Keonna Smith was driving on Flat Shoals Road near the Fortenberrys' home when her car slid on ice into the westbound lane of traffic where it was struck by another car. She died within an hour of the accident.

A police officer arrived at the accident scene at 11:10 p.m. and saw a "large sheet of ice" covering all four lanes of Flat Shoals Road that, in his opinion, caused the accident. The same firefighter captain who had responded to the water leak call arrived at the accident scene at 11:14 p.m. At some point while he was working at the scene of the accident, a sand truck arrived.

Weather records for Hartsfield-Jackson Atlanta Airport on the date of the accident show that there was no precipitation that day or the preceding day. The airport temperature was 26 degrees at 9:53 p.m.

The plumber who repaired the Fortenberrys' pipes opined that "there was nothing that the Fortenberrys had done or failed to do that caused the bursting of their pipes." The pipes were located in an

insulated wall and ceiling, and the Fortenberrys had closed foundation vents on their home before the onset of cold weather and dripped water from their faucets.

Stephanie Shannon filed suit against the Fortenberrys and alleged that they negligently caused her daughter's death by: (1) failing to properly maintain the pipe; (2) failing to cause the water to be turned off in a timely manner; (3) failing to warn passing cars of the danger posed by the water on Flat Shoals Road; and (4) failing to sand or salt Flat Shoals Road. The trial court granted summary judgment to the Fortenberrys based on its conclusion that the "plaintiff has not carried her burden of showing a genuine issue of material fact as to the elements of duty to the decedent, breach of that duty, and that the death of Keonna Shanta Smith was proximately caused by the conduct of defendants." On appeal, Shannon asserts that a genuine issue of material fact exists as to each of these elements.

With regard to duty, Shannon correctly asserts that the following standard applies:

> An owner of property abutting upon a street or highway is not, by virtue of being such owner, liable for defects in the street or highway. But this rule has no application where the owner of abutting property creates a defect in a street or highway or a nuisance therein. In the latter event he is liable, not because he owns the abutting property, but because he *creates or maintains* the thing from which injury results.

(Emphasis supplied.) *Ga. R. & Elec. Co. v. Tompkins*, 138 Ga. 596, 599 (2) (75 SE 664) (1912). Under this standard, an owner is liable for "*negligent* conduct in erecting and maintaining the dangerous obstruction." (Citation and punctuation omitted; emphasis supplied.) *Kelisen v. Savannah Theatres Co.*, 61 Ga. App. 100, 103 (2) (5 SE2d 712) (1939).

In this case, Shannon has failed to meet her burden of proving that the Fortenberrys' negligence created the dangerous icy condition on the road, i.e., that the pipes burst as a result of their negligence. See *Reedy v. St. Louis Brewing Assn.*, 161 Mo. 523, 536 (II) (61 SW 859) (1901) (property owner not liable for ice on sidewalk when bursting of water pipes not result of owner's negligence); *North Little Rock Transp. Co. v. Finkbeiner*, 243 Ark. 596, 599 (420 SW2d 874) (1967) (homeowner not liable for accident caused by water flowing into road from water sprinkler that turned on through no fault of owners). The Fortenberrys' plumber examined the pipes and opined that the Fortenberrys' conduct did not cause them to burst. Because Shannon failed to submit any evidence in opposition to this opinion,

she failed to create a genuine issue of material fact as to whether the pipes burst as a result of the Fortenberrys' negligence.

Second, the Fortenberrys cannot be held liable for maintaining the ice on the road absent actual or constructive knowledge that ice had formed on the street as a result of their burst pipes. Cf. *Reed v. Batson-Cook Co.*, 122 Ga. App. 803 (178 SE2d 728) (1970) (occupier of premises could be liable for maintaining nuisance on sidewalk when it had actual knowledge of slippery condition of sidewalk and failed to give warning to plaintiff); *Fitzgerald v. Adirondack Transit Lines*, 23 AD3d 907 (804 NYS2d 126) (2005) (owner not liable for ice on street allegedly caused by water dripping from owner's roof when owner did not have actual or constructive knowledge of icy condition); *Stephens' Administrator v. Deickman*, 158 Ky. 337, 345 (164 SW 931) (1914) (property owner not entitled to demurrer when ice caused by water run-off existed for two weeks before accident).

With regard to the ice on the street, Shannon has failed to show that the Fortenberrys had actual or constructive knowledge of it. The Fortenberrys did not have actual knowledge of ice before the accident, and there is insufficient evidence to impose constructive knowledge of the ice upon the Fortenberrys. It is undisputed that no ice existed when fire department personnel left at 10:02 p.m. The accident occurred at 11:00 p.m., and there is no evidence showing how long the ice had existed before the accident. Under the particular facts and circumstances of this case, the ice did not exist long enough to impose constructive notice upon the Fortenberrys. See *Fincher v. Fox*, 107 Ga. App. 695, 699-700 (2) (131 SE2d 651) (1963) (finding no constructive notice of ice that had existed for less than six hours). As a result, the trial court did not err by granting the Fortenberrys' motion for summary judgment.

*Judgment affirmed. Ruffin and Phipps, JJ., concur.*

DECIDED FEBRUARY 16, 2007.

*Moore & Hawthorne, Marc D. Hawthorne*, for appellant.
*Magill & Atkinson, Thomas E. Magill, Jonathan A. Barash*, for appellee.