# Court of Appeals
# of the State of Georgia

ATLANTA,_February 06, 2014_

*The Court of Appeals hereby passes the following order:*

**A14I0101.  LOYD v. HAMM.**

On December 17, 2013, the trial court entered its temporary order legitimating the minor child of plaintiff James Allen Hamm and, among other things, awarding primary physical custody of the child to Hamm.  On January 2, 2014, the trial court entered a certificate of immediate review.  Amber Loyd, the child's mother, then filed this application for interlocutory appeal on January 8, 2014.  We, however, lack jurisdiction.

Pursuant to OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had.  If the certificate of immediate review is not signed by the trial judge and filed with the clerk within that ten-day period, it is ineffective. See OCGA § 5-6-34 (b); *Wilcher v. Confederate Packaging, Inc.*, 287 Ga. App. 451, 452 (1) (651 SE2d 790) (2007);  *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974).

In this case, the certificate of immediate review was not filed with the clerk of the trial court until January 2, 2014 – 16 days after entry of the temporary order.

Because the certificate of immediate review was not timely filed, we lack jurisdiction[1] to consider this application for interlocutory appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/06/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Accordingly, we do not reach the issue of whether the order is directly appealable. Generally, we will grant an application for interlocutory review if the order complained of is subject to direct appeal and the applicant has not otherwise filed a notice of appeal. *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). But the application must be timely. See id.