# Court of Appeals
# of the State of Georgia

ATLANTA,    August 27, 2014

*The Court of Appeals hereby passes the following order:*

## A14I0276.  HARRIET TUGGLE v. ROB ROSE, et al.

Harriet Tuggle, defendant in the assault and battery case below, has filed an application for interlocutory review of the trial court's order denying her motion for summary judgment on official immunity grounds. The order, however, is subject to direct appeal.

Under the collateral order doctrine, a defendant may file a direct appeal from an order that conclusively rejects her claim of immunity. See *Board of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009). Here, Tuggle asserted a claim of official immunity, which "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption." (Punctuation omitted.) *Marshall v. Browning*, 310 Ga. App. 64, 67 (712 SE2d 71) (2011). In *City of Atlanta v. Shavers*, 326 Ga. App. 95 (2) (a) (756 SE2d 204) (2014), we held that the collateral order doctrine permits a defendant to directly appeal from a trial court's order ruling that "facts existed from which a jury could make an inference of actual malice."

In this case, as in *Shavers*, the trial court's denial of defendant Tuggle's motion was based on its determination that there is a triable issue of fact as to whether she acted with malice. The trial court's order is, therefore, directly appealable. See id.

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, Tuggle's application for interlocutory appeal is hereby GRANTED.

Tuggle shall have ten days from the date of this order to file a notice of appeal in the trial court. If she has already filed a notice of appeal from the order at issue, she need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 08/27/2014
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*