# Court of Appeals
# of the State of Georgia

ATLANTA,  November 18, 2014

*The Court of Appeals hereby passes the following order:*

## A15I0058.  ELLIS WILLARD GUICE v. JAMES MICHAEL BROWN.

This case concerns a car accident between James Michael Brown and Ellis Willard Guice, who is an employee of the City of Rockmart.  Guice, defendant in the case below, moved for summary judgment on official immunity grounds.  The trial court denied his motion, concluding that there is a genuine dispute of fact as to whether Guice was acting in his official capacity when he collided with the plaintiff. Guice then filed this application for interlocutory appeal. The trial court's order, however, is subject to direct appeal.

Under the collateral order doctrine, a defendant may file a direct appeal from an order that conclusively rejects his claim of immunity. See *Board of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009). Here, Guice asserted a claim of official immunity, arguing that he is protected from liability by OCGA § 36-92-3.  Pursuant to that provision, a local government employee is immune from liability for torts "involving the use of a covered motor vehicle while in the performance of his or her official duties."  OCGA § 36-92-3 (a); see also *Ray v. City of Griffin,* 318 Ga. App. 426 (1) (736 SE2d 110) (2012).

In *City of Atlanta v. Shavers*, 326 Ga. App. 95 (2) (a) (756 SE2d 204) (2014), the defendant's entitlement to immunity turned on whether he acted with malice.  The trial court determined that "facts existed from which a jury could make an inference of actual malice."  We held that the collateral order doctrine permitted the defendant to file a direct appeal from the trial court's ruling.  Id.

In this case, as in *Shavers*, the trial court's denial of Guice's motion was based on its determination that there is a triable issue of fact as to whether his actions are

covered by the immunity he asserts.  The trial court's order is, therefore, directly appealable.  See id.

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004).  Accordingly, Guice's application for interlocutory appeal is hereby GRANTED.

Guice shall have ten days from the date of this order to file a notice of appeal in the trial court.  If he has already filed a notice of appeal from the order at issue, he need not file a second notice.  The clerk of the trial court is directed to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
　　　　*Clerk's Office, Atlanta,* _____11/18/2014_____
　　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
　　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*