# Court of Appeals
# of the State of Georgia

ATLANTA,  February 18, 2020

*The Court of Appeals hereby passes the following order:*

**A20I0171.  JIM JACKSON v. LEHREN MCGOVERN BOVIS, INC.**

On March 28, 2019, the trial court entered an order dismissing with prejudice Jim Jackson's personal injury action against Lehren McGovern Bovis, Inc. and enjoining him from filing any further pleadings against that entity without prior court approval. On December 3, 2019, Jackson filed a "Motion to Interlocutory Appeal" in the Supreme Court. The Supreme Court docketed the filing as an application for interlocutory appeal and transferred it here upon finding no basis for subject matter jurisdiction there. See Case No. S20I0590 (Jan. 9, 2020).

The order that Jackson wishes to appeal appears to be a final, directly appealable order pursuant to OCGA § 5-6-34 (a) (1). Ordinarily, we will grant a timely application for interlocutory appeal if the order complained of is subject to direct appeal and the applicant has not filed a timely notice of appeal in the trial court. See *Southwestern Emergency Physicians, P. C., v. Nguyen*, 330 Ga. App. 156, 156 n.1 (767 SE2d 818) (2014); *Spivey v. Hembree*, 268 Ga. App. 485, 486 n.1 (602 SE2d 246) (2004). But the application must be timely. *Spivey*, 286 Ga. App. at 486 n.1.

Pretermitting whether Jackson's filing can be construed as an application for interlocutory appeal,[1] it was not timely filed. An application for interlocutory appeal

---

[1] The filing did not include a certificate of immediate review from the trial court, which is an essential component of an application for interlocutory appeal. See OCGA § 5-6-34 (b).

must be filed – at the latest – 20 days after entry of the trial court's order.[2] Here, Jackson filed his "Motion to Interlocutory Appeal" 250 days after entry of the order he wishes to appeal.[3] Thus, we lack jurisdiction to consider this application, which is hereby DISMISSED. Jackson's "Motion to Interlocutory Appeal," filed in this Court on February 7, 2020, is therefore MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/18/2020_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ , *Clerk.*

---

[2] The trial court must certify the order for immediate review within ten days, and the applicant then has ten days to file the application. See OCGA § 5-6-34 (b).

[3] After the Supreme Court transferred the matter here, Jackson filed a "Motion to Interlocutory Appeal" in this Court on February 7, 2020. That document attached an August 5, 2019 order from the trial court denying Jackson's post-judgment motions. Assuming Jackson wishes to appeal that order, as well, his application – filed in the Supreme Court 120 days after entry of that order – also is untimely from that order.