# Court of Appeals
# of the State of Georgia

ATLANTA,  November 29, 2023

*The Court of Appeals hereby passes the following order:*

## A24I0074. MATERIAL ANALYTICAL SERVICES LLC, et al v. JOHNSON & JOHNSON, et al.

This application for an interlocutory appeal arises out of a products liability action filed by Matthew Streck against Johnson & Johnson and Chattem, Inc. in Jefferson County, Kentucky. Streck alleged that he had suffered injuries caused by asbestos in Johnson's Baby Powder (manufactured by Johnson & Johnson) and Gold Bond Foot Powder (manufactured by Chattem).«**Exh. 5 at 32**» Streck retained Materials Analytical Services, Inc. ("MAS") to test samples of the products.«**Exh. 5 at 33**» He also retained Dr. William Longo, the principal owner of MAS, to provide expert testimony based on those test results.«**Id.**» When deposed, Dr. Longo testified that a MAS employee, Paul Hess, conducted tests on certain samples of the products manufactured by Chattem. «**Exh. 4 at 35 (Longo Depo. at 49)**» Given Longo's testimony, Chattem moved to compel Hess's deposition.«**See Exh. 5 at 29**» The Kentucky court denied that motion, stating that it "would not order [Streck] to produce Mr. Hess."«**Exh. 5 at 29**» The Kentucky order further stated, however, that the court would "support any process [Chattem] wish[es] to utilize in an attempt to subpoena [Hess]."«**Id.**»

Chattem subsequently subpoenaed Hess for a deposition pursuant to the Uniform Interstate Deposition and Discovery Act, OCGA § 24-13-110, et seq.«**Exh. 4 at 19**» Because Hess is a resident of Cobb County, MAS filed a motion in Cobb County Superior Court seeking to quash the subpoena.[1] Following a hearing, the trial court denied the motion to quash and ordered Hess to appear for a deposition on a date agreed upon by counsel. «**Order at 2**» The trial court granted MAS a certificate of immediate review, and MAS and Hess then filed this timely application for an interlocutory appeal.

Under Georgia law, "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance."*Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 413 (1) (785 SE2d 72) (2016) (punctuation omitted). See also *Benchmark Rehabilitation Partners, LLC v. SDJ Logistics, LLC*, 367 Ga. App. 203, 204 (2) (885 SE2d 224) (2023) (holding that an order denying a disinterested third party's motion to quash a subpoena is directly appealable under the collateral order doctrine). Here, the parties seeking to appeal the trial court order (NAS and Hess) are disinterested third parties, as neither is a party to the underlying litigation. See *Speedy Care Transportation v. George*, 348 Ga. App. 325, 326, n.1 (822 SE2d 687) (2018) (identifying a disinterested third party as one who is not a party to the case in which discovery is sought).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486, n. 1 (602 SE2d 246) (2004). Accordingly, this interlocutory application is hereby GRANTED. Appellants

---

[1] MAS asserted it was an interested party with respect to the subpoena because Hess was currently employed with the company. «**Exh. 4. at 1, n.1**» The day before the hearing on the motion, MAS filed a pleading in which it stated that the motion to quash was filed with the knowledge and consent of Hess, and that counsel for MAS was also representing Hess. «**Exh. 6 at 14**»

shall have ten days from the date of this order to file a notice of appeal in the trial court if they have not already done so. The clerk of the superior court is DIRECTED to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,__11/29/2023_____*
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*