# Court of Appeals
# of the State of Georgia

ATLANTA,  March 16, 2026

*The Court of Appeals hereby passes the following order:*

## A26I0146. IRWIN COUNTY, GEORGIA v. RODNEY MILLER, D/B/A SOUTH GEORGIA EXCAVATION.

This case arises out of an alleged oral agreement between Irwin County, Georgia ("the County") and Rodney Miller, d/b/a South Georgia Excavation, for repairs to two of the County's public roadways. Asserting that there were numerous deficiencies and irregularities in both Miller's work and his invoices,  the County refused to pay approximately $590,000 of the amount billed by Miller.  After it received an ante litem notice indicating that Miller was planning legal action to collect the unpaid invoices, the County filed the underlying action for declaratory judgment. The complaint sought a judgment declaring that because the alleged agreement was oral, rather than written, the County was entitled to sovereign immunity for any contract or quasi-contract claims Miller might have against it. Miller answered and asserted counterclaims for breach of contract, promissory estoppel, and unjust enrichment.

Again relying on the theory that it was entitled to sovereign immunity from Miller's claims, the County filed both a motion for judgment on the pleadings as to its complaint for declaratory judgment and a motion to dismiss Miller's counterclaims. Following a hearing, the trial court denied the County's motions. The County obtained a certificate of immediate review and filed this timely application for an interlocutory appeal of the trial court's orders. It appears however, that the County has a right of direct appeal.

The newly-enacted OCGA § 5-6-34(a)(15), effective July 1, 2025, allows for

direct appeals from "[a]ll judgments, orders, or rulings in civil actions granting or denying or refusing to grant or deny immunity to one or more parties based upon sovereign . . . immunity established by the United States Constitution or the Constitution, laws, or common law of this state." This Court will grant an otherwise timely application for interlocutory appeal if the lower court's order is subject to direct appeal. *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, this application is hereby GRANTED. Irwin County shall have ten days from the date of this order to file a notice of appeal with the superior court, if it has not already done so. The clerk of the superior court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  03/16/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*