A99A1568. GEORGIA RECEIVABLES, INC. v. TE.
A99A1569. GEORGIA RECEIVABLES, INC. v. LEWIS.
(523 SE2d 352)

ANDREWS, Presiding Judge.

In both of these cases, Georgia Receivables, Inc. sued upon and sought summary judgment on two health club contracts which Georgia Receivables had purchased from the health clubs. The two defendants, Te and Lewis, filed unverified answers contesting their liability, but did not respond to the motions for summary judgment.

The trial court, nonetheless, sua sponte granted summary judgment to both defendants on the ground that the contracts sued upon were void because they violated OCGA § 10-1-393.2. Georgia Receivables appeals in both cases, raising the same enumerations of error in each, and they are consolidated for appeal.

The company contends that it was error for the trial court, sua sponte, to grant summary judgment to the defendants. This argument fails.

> The trial court can grant sua sponte summary judgment under Georgia law. [Cit.] In fact, the trial court can grant summary judgment to the "non-moving party provided that

the grant is proper in all other respects. (Cit.)" *Golston v. Garigan*, 245 Ga. 450, 451 (1) (265 SE2d 590) (1980)[.] [Cits.] . . . "If the record demands such a judgment, it would be proper." [Cits.]

*Generali — U. S. Branch v. Southeastern &c. Ins. Co.*, 229 Ga. App. 277, 278 (1) (493 SE2d 731) (1997).

Here, Georgia Receivables does not argue that the two contracts at issue comply with OCGA § 10-1-393.2, only that the defendants below did not raise that issue. That statute, however, provides that:

> [a]ny contract which does not comply with this Code section shall be *void and unenforceable*; no purchaser of any note associated with or contained in any health spa contract shall make any attempt to collect on the note . . . if there has been any violation by the health spa of subsections (b) through (m) . . . of this Code section.

(Emphasis supplied.) OCGA § 10-1-393.2 (n).

It is apparent from the face of the two contracts that they do not comply with the Act as a matter of law. Under these circumstances,

> [t]he declaration in the . . . Act that any loan contract made in violation of the Act is "null and void" has a legal effect, long recognized by the courts, which needs no further explanation. It means that the contract is illegal and against the public policy of the state.

*Hodges v. Community Loan &c. Corp.*, 234 Ga. 427, 430 (216 SE2d 274) (1975). See also *Ga. Investment Co. v. Norman*, 231 Ga. 821 (204 SE2d 740) (1974).

While *Hodges* and *Ga. Investment Co.* dealt with the Industrial Loan Act, the same rationale applies to the Act at issue here.

Georgia Receivables' reliance on *Ga. Receivables v. Cheatham*, 216 Ga. App. 656 (455 SE2d 375) (1995) is unavailing for two reasons. First, that case is physical precedent only and not binding. Court of Appeals Rule 33 (a). Second, it involved an unraised affirmative defense that the suit had been filed beyond the statute of limitation. Failure to raise such an affirmative defense will waive it. *Brown v. Little*, 227 Ga. App. 484, 486 (1) (489 SE2d 596) (1997). There is no comparable rule for seeking recovery under a void contract.

Therefore, summary judgment was properly granted to Te and Lewis.

*Judgments affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 6, 1999.

*Frederick J. Hanna & Associates, Elizabeth C. Whealler,* for appellant.

Bunkuy Te, *pro se.*

Linda Lewis, *pro se.*