## A99A1831. GEORGIA RECEIVABLES, INC. v. KIRK.

### (531 SE2d 393)

BARNES, Judge.

Georgia Receivables, Inc. appeals from the grant of summary judgment to Edward Kirk in Georgia Receivables' suit against him to collect payment under a health spa contract. The complaint alleged that Kirk was indebted to Georgia Receivables in the amount of $2,092.91, attorney fees of $278.46, interest of $441.74, and court costs of $55. Kirk filed a timely answer.

Georgia Receivables later amended the complaint to claim principal of $1,382.04, interest of $891.41, attorney fees of $302.34, and court costs of $55. Thereafter, Georgia Receivables moved for summary judgment. The motion was supported by the affidavit of the president of Georgia Receivables and a copy of the health spa contract on which Georgia Receivables sued. Kirk's unsworn response to the motion asserted that he did not breach the contract and that he attempted to cancel the contract, but the original owner of the contract refused to do so.

Thereafter, the trial court denied Georgia Receivables' motion for summary judgment and dismissed the case with prejudice because "the contract was void ab initio." The trial court found that the contract on which Georgia Receivables relied was void and unenforceable because it did not comply with OCGA § 10-1-393.2 of the Georgia Fair Business Practices Act, which applies to health spa contracts. The trial court also questioned whether the contract was validly assigned to Georgia Receivables because no written assignment was in the record.

The trial court's order also recited that at argument on the motion, the court gave Georgia Receivables the opportunity to address whether the court could enforce this contract which appeared to be unenforceable under OCGA § 10-1-393.2. Georgia Receivables responded, however, that regardless of whether the contract was enforceable, Kirk had waived the issue.

Georgia Receivables' sole enumeration of error contends the trial court abused its discretion and erred by denying its motion for summary judgment and sua sponte dismissing the action with prejudice because a contrary judgment was demanded. On appeal, Georgia Receivables argues that it was improper for the trial court to go beyond the scope of the pleadings to find the contract void and unenforceable because Kirk did not raise the issue.

1. Georgia Receivables' motion to withdraw the appeal is denied.

2. This case is controlled adversely to Georgia Receivables by *Ga. Receivables v. Te*, 240 Ga. App. 292 (523 SE2d 352) (1999) and *Ga. Receivables v. Welch*, 242 Ga. App. 146 (529 SE2d 164) (2000). In *Te*, this court held that similar sua sponte grants of summary judgment

to two defendants based upon violations of OCGA § 10-1-393.2 were authorized even though the defendants had failed to raise the issue, because any contract that does not comply with OCGA § 10-1-393.2 is void and unenforceable under OCGA § 10-1-393.2 (n). *Ga. Receivables v. Te*, supra, 240 Ga. App. at 293. OCGA § 10-1-393.2 (n) also provides that "no purchaser of any note associated with or contained in any health spa contract shall make any attempt to collect on the note . . . if there has been any violation by the health spa of subsections (b) through (m) . . . of this Code section." A contract that is null and void is illegal and against the public policy of Georgia and will not be enforced even if the defendant fails to raise this issue as an affirmative defense. Id.; see OCGA § 13-8-2 (a): "A contract which is against the policy of the law cannot be enforced." Therefore the trial court did not err by dismissing the complaint with prejudice.

3. Because virtually the same argument made in this case was rejected in *Ga. Receivables v. Te*, and in *Ga. Receivables v. Welch,* we have carefully considered whether sanctions for pursuing a frivolous appeal should be imposed against Georgia Receivables and its counsel. If not for Georgia Receivables' belated motion to withdraw this appeal, we would have assessed substantial penalties for pursuing this frivolous appeal. Since Georgia Receivables has now taken the appropriate action, we will not do so.

Nevertheless, we take this opportunity to remind counsel of their obligations to supplement the pleadings before this Court upon receipt of notice of legal authority directly adverse to their position or to withdraw their appeal.

Ethical Canon 7-20 of the State Bar Rules provides:

> In order to function properly, our adjudicative process requires an informed, impartial tribunal capable of administering justice promptly and efficiently according to procedures that command public confidence and respect. Not only must there be competent, adverse presentation of evidence and issues, but a tribunal must be aided by rules appropriate to an effective and dignified process. The procedures under which tribunals operate in our adversary system have been prescribed largely by legislative enactments, court rules and decisions, and administrative rules. Through the years certain concepts of proper professional conduct have become rules of law applicable to the adversary adjudicative process. Many of these concepts are the basis for standards of professional conduct set forth in the Disciplinary Rules.

In turn, Disciplinary Rule 7-106 (B) (1) mandates that: "[i]n presenting a matter to a tribunal, a lawyer shall disclose . . . legal authority

in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel."

With regard to the matter at hand, the same issues which were dispositive herein were raised by the same attorneys in the same manner in at least three appeals previously decided by this Court. *Ga. Receivables v. Te*, supra, and its companion case *Ga. Receivables v. Lewis*; *Ga. Receivables v. Welch*, supra. Both the *Te* and *Lewis* cases were decided on October 6, 1999. All three of these cases were decided in a manner directly adverse to Georgia Receivables' position, and the attorneys for Georgia Receivables neither filed a motion for reconsideration in any of these cases nor applied to our Supreme Court for a grant of certiorari, leaving no question that these decisions dispose of and control the issues involved.

Therefore, Georgia Receivables and their attorneys were on notice that their arguments were without merit on October 6, 1999, and despite the fact that they had at least three other cases pending before this Court which concerned identical issues directly controlled by *Te* and *Lewis*, Georgia Receivables took no action whatsoever to disclose this contrary legal authority to this Court. As such, a penalty pursuant to Court of Appeals Rule 15 (b) against Georgia Receivables and its attorneys was clearly authorized because of their failure to update this Court, their maintenance of arguments they knew to be meritless, and their actions contrary to EC 7-20 and DR 7-106 (B) (1). See *King v. Gilman Paper Co.*, 184 Ga. App. 228 (361 SE2d 390) (1987); *Klem v. Southeast Ceramics*, 151 Ga. App. 817 (262 SE2d 643) (1979). Further, they also breached their duty to put this Court on notice of the pendency of the several cases involving the same issue, the same appellant, and the same attorney at the time they filed the later appeals. Georgia Receivables has now met its professional obligations and moved to correct its deficiencies, however, and, therefore, we no longer deem a penalty warranted.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 16, 2000.

Frederick J. Hanna & Associates, Elizabeth C. Whealler, Jerry C. Tootle, Jr., for appellant.

Edward Kirk, *pro se.*