S07A0930. CITY OF DEMOREST v. TOWN OF MOUNT
AIRY et al.
(653 SE2d 43)

BENHAM, Justice.
   The City of Demorest filed this lawsuit against Habersham County and other municipalities located in Habersham County after the local government service delivery strategy executed by the county and the municipalities pursuant to the Service Delivery Strategy Act, OCGA § 36-70-20 et seq. (SDSA), was amended in May 2005, over Demorest's objection, to authorize appellee, the Town of Mount Airy, to provide water services to a development in an area which had been annexed by Mount Airy. Prior to the amendment, the local government service delivery strategy had provided that Demorest would provide water services to the then-unincorporated portion of the county.
   In its complaint, Demorest alleged, among other things, that the annexation by Mount Airy of the disputed area was illegal and unconstitutional and that the SDSA was unconstitutional. Demorest sought declaratory relief that the amended service delivery strategy was illegal, null and void, and sought injunctive relief to prevent Mount Airy from providing water services to the annexed area and to prevent the annexed area from accepting such services. The Commissioner of the Georgia Department of Community Affairs was allowed to intervene and, in September 2006, the trial court granted summary judgment to appellee Ivy Hills LLC, the developer of the contested area, and granted the motions to dismiss filed by the

Commissioner and the local government defendants as to all counts save that regarding the allegations of illegal annexation. Demorest then filed this appeal.[1]

1. The trial court did not err when it granted summary judgment to appellee Ivy Hills, a limited liability corporation which developed the area annexed by Mount Airy and which petitioned Mount Airy for annexation. None of the actions complained of by Demorest was taken by Ivy Hills and, while Demorest contends Ivy Hills is a necessary party to the injunctive relief Demorest seeks (enjoining Mount Airy from providing water to the area and preventing Ivy Hills from accepting water from Mount Airy), it is not the decision of Ivy Hills or any individual property owner which controls the property owner's supplier of water. Rather, it is the local government service delivery strategy that determines the water supplier for a specific geographic area, and OCGA § 36-70-25 (b) limits participation in the formation of the service delivery strategy to the county and municipalities therein.

2. The trial court dismissed Demorest's complaint on a number of grounds, foremost of which was the trial court's conclusion that Demorest's challenge to the May 2005 local government service delivery strategy was moot because the May 2005 service delivery strategy had been superseded in November 2005 by an amended service delivery strategy.[2] We agree that Demorest's complaint seeking to overturn the May 2005 service delivery strategy was rendered moot by the subsequent enactment of the November 2005 service delivery strategy, and the mootness was never cured because Demorest never amended its complaint to attack the local government service delivery strategy in effect. Demorest's complaint attacked the validity of the superseded local government service delivery strategy and did not question the validity of the service delivery strategy in existence when the motion to dismiss was filed. As a result, Demorest cannot obtain the relief its complaint seeks — overturning the May 2005 service delivery strategy — because that service delivery strategy no longer exists. Consequently, the trial court did not err in

---

[1] The grant of summary judgment to appellee Ivy Hills LLC is directly appealable. OCGA § 9-11-56 (h). Since the motions to dismiss asserted, among other things, that the complaint failed to state a claim and the trial court considered material beyond the pleadings in ruling on the motions to dismiss, those motions were required to be treated as motions for summary judgment (OCGA § 9-11-12 (b)), and the losing party has the right to a direct appeal from an order granting partial summary judgment. OCGA § 9-11-56 (h).

[2] After Demorest filed its initial complaint in June 2005 and before it filed its amended complaint in February 2006, Habersham County and its municipalities passed an amended service delivery strategy in November 2005 which modified the service delivery strategy challenged by Demorest by extending the water service provided by the City of Clarkesville to an area south of Clarkesville. The November service delivery strategy kept in place the contested earlier assignment to Mount Airy of water service to the area previously assigned to Demorest.

dismissing the complaint as moot. See *Story v. City of Macon*, 203 Ga. 105 (1) (45 SE2d 196) (1947) (since the relief sought cannot be awarded, dismissal appropriate); *Grindle v. Chastain*, 229 Ga. App. 386 (1) (493 SE2d 714) (1997) (case is moot where appellant would derive no benefit); *Holt v. Leiter*, 232 Ga. App. 376 (2) (501 SE2d 879) (1998) (question of the validity of an order is moot when superseded by another order). See also *Baker v. City of Marietta*, 271 Ga. 210 (1) (518 SE2d 879) (1999) (no declaratory relief available unless there is a justiciable controversy).

3. In light of our conclusion that the trial court did not err when it granted partial summary judgment to appellees on the ground that Demorest's complaint was moot, we need not address the trial court's other reasons[3] for finding in favor of appellees.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 2007.

David Burroughs, Freeman, Mathis & Gary, Dana K. Maine, Jacob E. Daly, for appellant.

McClure, Ramsay & Dickerson, John A. Dickerson, Hulsey, Oliver & Mahar, R. David Syfan, Jane A. Range, James R. Acrey, Sanders & Smith, Janney E. Sanders, M. Steven Campbell, Runyan & Green, Andrea J. Runyan, Michael S. Green, Thurbert E. Baker, Attorney General, Grace E. Lewis, Senior Assistant Attorney General, for appellees.

---

[3] The trial court also based its dismissal of Demorest's complaint on the grounds that Demorest lacked standing to raise constitutional challenges to the SDSA since Demorest had failed to show that the challenged provisions of the SDSA adversely affected Demorest's interests; Demorest's constitutional attack on the SDSA was not sufficiently pled; and the absence of law to support Demorest's claim of right to provide water services beyond its municipal boundaries subjected Demorest's complaint to dismissal for failure to state a claim. The trial court determined that no declaratory judgment could be obtained in the absence of a live controversy or a showing of a position of uncertainty, and no injunctive relief could be granted.