# Court of Appeals
# of the State of Georgia

ATLANTA,   August 25, 2014

*The Court of Appeals hereby passes the following order:*

## A14I0272.  AMERICAN ALTERNATIVE INSURANCE CORPORATION v. JAMES LAWRENCE BENNETT.

American Alternative Insurance Corporation seeks interlocutory review of the trial court's order granting plaintiff James Lawrence Bennett's motion for partial summary judgment.  Under OCGA § 9-11-56 (h), the grant of summary judgment on any issue or as to any party is reviewable by direct appeal. *City of Demorest v. Town of Mt. Airy*, 282 Ga. 653, 654 n.1 (653 SE2d 43) (2007); *Whiddon v. Stargell*, 192 Ga. App. 826, 827-28 (386 SE2d 884) (1989). Ordinarily, we will grant an application for interlocutory review if the order complained of is subject to direct appeal and the applicant has not otherwise filed a notice of appeal. *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004).  But the application must be timely.  See id.

Pursuant to OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).

Here, the order granting partial summary judgment was entered on July 9, 2014, but the certificate of immediate review was not entered until 14 days later on July 23, 2014.  Although the trial court signed the certificate of immediate review on July 17, 2014, the relevant date for determining the timeliness of the certificate is the date it was entered.  See *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal or interlocutory

judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from.").  Because the trial court did not enter the certificate of immediate review within ten days of entry of the order at issue, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 08/25/2014
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*