# Court of Appeals
# of the State of Georgia

ATLANTA,  February 17, 2023

*The Court of Appeals hereby passes the following order:*

## A23I0140. PREMIER PETROLEUM, INC. v. HEER, INC. et al.

In this breach of contract action, Premier Petroleum, Inc. ("Premier") and Heer, Inc. ("Heer") filed cross motions for summary judgment. The trial court denied the motions, but scheduled and conducted a subsequent hearing at which the parties presented evidence as to whether the relevant contract was unconscionable. After the hearing, the court entered an order concluding that, as a matter of law, the contract was substantively and procedurally unconscionable, and thus, unenforceable. Accordingly, the court dismissed the complaint, but left Heer's counterclaims pending. Premier obtained a certificate of immediate review and now seeks interlocutory review.

Normally, the interlocutory appeal procedures of OCGA § 5-6-34 (b) must be followed to appeal from the denial of a motion for summary judgment. Meanwhile, under OCGA § 9-11-56 (h), the grant of summary judgment on any issue or as to any party is reviewable by direct appeal. *City of Demorest v. Town of Mt. Airy*, 282 Ga. 653, 654, n. 1 (653 SE2d 43) (2007).

Here, although the order does not state that it granted summary judgment to Heer on Premier's claims, that is the effect of the trial court's ruling. See generally *Ga. Receivables v. Kirk*, 242 Ga. App. 801, 802 (2) (531 SE2d 393) (2000) (affirming the trial court's sua sponte grant of summary judgment because the relevant contract violated the Georgia Fair Business Practices Act). Thus, the order that Premier seeks to appeal is directly appealable and not subject to the interlocutory appeal requirements. *Born v. Born*, 364 Ga. App. 511, 517 (1) (874 SE2d 846) (2022) ("pleadings, motions, and orders are construed according to their substance and

function and not merely by nomenclature") (punctuation omitted).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485 (602 SE2d 246) (2004). Accordingly, this application is GRANTED. Premier shall have ten days from the date of this order to file a notice of appeal in the trial court, if one has not already been filed. If Premier has already filed a notice of appeal from the order at issue here, it need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

   *Clerk's Office, Atlanta, 02/17/2023*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*