# Court of Appeals
# of the State of Georgia

**ATLANTA,** October 21, 2024

*The Court of Appeals hereby passes the following order:*

## A25I0061. GAMSBART, LLC et al. v. SANDRA SMITH et al.

Sandra and Steven Smith filed a premises liability action against defendants Gamsbart, LLC and Juhi Janki, LLC to recover damages for injuries Sandra Smith sustained after falling in a parking lot. The defendants filed a joint motion for summary judgment in which, among other things, Gamsbart sought a ruling as a matter of law that the property upon which Sandra Smith fell was not an approach, and Gamsbart therefore owed her no duty to keep the premises safe. Juhi Janki, LLC argued, among other things, that Sandra Smith was a trespasser, and therefore it, too, owed her no duty. The trial court denied the motion, but in its order, it expressly found that as a matter of law, the property upon which Smith fell was an approach for restaurant invitees. Gamsbart and Juhi Janki, LLC obtained a certificate of immediate review and now seek interlocutory review.[1]

Normally, the interlocutory appeal procedures of OCGA § 5-6-34 (b) must be followed to appeal from the denial of a motion for summary judgment. However, under OCGA § 9-11-56 (h), the grant of summary judgment on any issue or as to any party is reviewable by direct appeal. *City of Demorest v. Town of Mt. Airy*, 282 Ga. 653, 654, n. 1 (653 SE2d 43) (2007). Here, although the order does not state that it granted summary judgment to Sandra Smith, that is the effect of the trial court's ruling. See generally *Ga. Receivables v. Kirk*, 242 Ga. App. 801, 802 (2) (531 SE2d 393) (2000) (affirming the trial court's sua sponte grant of summary judgment because the relevant

---

[1] Plaintiffs consent to the grant of this application in their responsive brief.

contract violated the Georgia Fair Business Practices Act). Thus, the order that the defendants seek to appeal is directly appealable and not subject to the interlocutory appeal requirements. See *Born v. Born*, 364 Ga. App. 511, 517 (1) (874 SE2d 846) (2022) ("pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature") (punctuation omitted).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485 (602 SE2d 246) (2004). Accordingly, this application is GRANTED. Defendants shall have ten days from the date of this order to file a notice of appeal in the trial court, if one has not already been filed. If defendants have already filed a notice of appeal from the order at issue here, they need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/21/2024

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*