## 73518. KING v. GILMAN PAPER COMPANY.
(351 SE2d 710)

BANKE, Chief Judge.

The appellant filed this action against his employer, the appellee herein, to recover certain sums alleged to have been wrongfully withheld from his wages. He appeals the grant of the employer's motion for summary judgment.

It appears without dispute from the record that the sums in question were withheld from the appellant's pay pursuant to the withholding tax provisions of the Internal Revenue Code, 26 USC § 3402. The seeds of the controversy were sown on November 18, 1983, when the appellant executed a Form W-4, Employee's Withholding Allowance Certificate, in which he claimed a total exemption from the withholding tax on the ground that he had owed no federal income tax for the previous year and expected to owe no tax for the current year. The I.R.S. subsequently instructed the employer to disregard this certificate and to commence withholding federal income taxes from the appellant's pay as if he were single and claiming only one withholding allowance. The employer complied with this directive, and it is that compliance which gave rise to the present action. The appellant's position that he owes no income tax appears to be based on the notion that the federal income tax applies only to those persons who volunteer to be subject to it. *Held*:

1. 26 USC § 3403 provides as follows: "The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, *and shall not be liable to any person for the amount of such payment*." (Emphasis supplied.) It has been held repeatedly that this statute affords employers complete immunity from liability to employees for federal income taxes withheld from their pay. See, e.g., *Pascoe v. I.R.S.*, 580 FSupp. 649, 654 (E.D. Mich. 1984), aff'd 755 F2d 932 (6th Cir. 1985); *Lepucki v. Van Wormer*, 587 FSupp. 1390 (D. Ind. 1984); *Press v. McNeal*, 568 FSupp. 256 (E.D. Pa. 1983); *Lonsdale v. Smelser*, 553 FSupp. 259 (N.D. Tex. 1982). It follows that the appellant is barred from any recovery against the employer in the present action.

2. This court is, of course, without authority to declare any portion of the federal Internal Revenue Code unconstitutional for any

reason.

3. There appearing to have been no valid reason for the appellant to have anticipated reversal of the trial court's judgment, a penalty in the amount of $250 is hereby assessed against him pursuant to Rule 26 (b) of this court for filing a frivolous appeal. On remand, the trial court is directed to enter judgment for such amount in favor of the appellee.

*Judgment affirmed with damages. Birdsong, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1986 —
REHEARING DENIED DECEMBER 15, 1986 —

Johnny R. King, *pro se.*
*Charles C. Smith, Jr., Terry K. Floyd,* for appellee.