74534. KING v. GILMAN PAPER COMPANY.
(361 SE2d 390)

BIRDSONG, Chief Judge.

Tortious Conversion — Frivolous Appeal. Johnny R. King has for a second time sued his employer of over 30 years for wrongfully withholding from his pay an assessment imposed by the Internal Revenue Service. In the first suit (*King v. Gilman Paper Co.*, 181 Ga. App. 275 (351 SE2d 710)), King contended that he received no "income" in that he exchanged his personal services for the value of those services (i.e., his wages) and had enjoyed no "gain or profit," the definition of "income." He thus filed a Form W-4 maintaining he had received no "income" through his wages for the year past nor expected any "income" for the coming year. One who does not receive income under such circumstances may file a W-4 indicating an "exempt" status. This W-4 showing King to be exempt was filed with IRS. While the form was being investigated by IRS, the employer did not withhold taxes from King's wages. Ultimately King was informed by IRS that his interpretation of "income" was not valid and his W-4 form was claiming an incorrect status. The employer was directed to ignore the W-4 and recommence appropriate withholdings of taxes due. King disregarded the IRS' findings and conclusions and filed a second W-4 still claiming an exemption from income taxes. He had been cau-

tioned by the IRS that an improper W-4 could cause a penalty of $500 to be assessed. Gilman commenced again withholding taxes from King's wages and he brought his first complaint for wrongful conversion of his wages against Gilman. Summary judgment was granted Gilman and that judgment was affirmed as indicated above in 181 Ga. App. 275.

Based upon King's filing of the second W-4 claiming an exemption which the IRS had already declared illegal, a $500 penalty plus administrative costs of $49 was assessed upon Gilman for deduction from King's wages. This assessment was paid by Gilman in response to the levy imposed by the IRS. King then brought the present complaint (while the first complaint was still pending) again contending that inasmuch as he was not earning "income" from Gilman the W-4 was not false or illegal and no penalty was assessable by the IRS and was improperly paid by Gilman. He sued for return of the $549 converted by Gilman from his pay plus costs and such other damages as might be found. Gilman along with its answer filed a cross complaint seeking damages in the form of costs and reasonable attorney fees for a frivolous complaint. The trial court granted summary judgment to Gilman on King's complaint and reserved for the trial the counterclaim. King brings this appeal pro se protesting the grant of summary judgment to Gilman. *Held*:

King apparently has impressed no one but himself with the logic of his arguments. His barter arguments as to his services in exchange for his wages (thus not constituting "income") convinced neither the IRS, the trial court on two separate occasions, nor this court. Likewise his argument that only those who "volunteer" to be subject to federal income taxes are subject thereto has uniformly been rejected. All these arguments were presented to this court in King's first appearance before this court and rejected summarily. In fact this court imposed upon King a penalty of $250 for bringing before us a frivolous appeal. The only new argument presented by King is that he was warned by the IRS that it could "levy" a penalty against him if he filed a "false" W-4. He argues that the document sent to Gilman was a "notice of levy" and not an actual levy. At best this is a semantical argument. King himself quotes pertinent language of IRS regulations that makes clear that the IRS is granted the authority and informed that the proper way to recover monies due is to levy against assets due the taxpayer. That levy is executed by serving upon the holder of the taxpayer's assets a notice of levy. The notice of levy within its four corners informs the holder of the assets how to comply with the notice of levy. It is clear that a notice of levy is not a warning to be followed by an actual levy but is the levy itself. It logically would appear therefore that any litigable loss occasioned by King was caused by the levy by IRS and King's complaint should be against the

IRS.

Even if justice was not blind and thus we could take a sympathetic position in regard to King's arguments, we would be compelled to affirm this judgment. The first adjudication of this same issue of "illegal" conversion was decided adversely to King and that case is wholly dispositive of this case. *King v. Gilman Paper Co.*, supra. Gilman is wholly insulated from complaint by King in response to a levy by the IRS. King was aware of that insulation prior to the filing of the appeal in this case. The first decision against King's position was entered by this court in December 1986, and the appeal in this case was not filed by King until February 1987. Pretermitting the issue of jurisdiction in the courts of the state of Georgia (see *Enochs v. Williams Packing Co.*, 370 U. S. 1, 5 (82 SC 1125, 8 LE2d 292)) (as that question was not raised below nor is it before this court), we are constrained to conclude that the appeal in this case was filed with even more frivolous disregard for the trouble and inconvenience caused the appellee and this court. A penalty pursuant to Rule 26 (b) of this court in the maximum amount of $500 is assessed against Mr. King.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 15, 1987.

Johnny R. King, *pro se.*
*Terry K. Floyd*, for appellee.