2008-NMCA-159

198 P.3d 871

**David LANDESS and Paula Landess, Plaintiffs–Appellants,**

v.

**GARDNER TURF GRASS, INC., Defendant–Appellee.**

**No. 27,312.**

Court of Appeals of New Mexico.

Oct. 29, 2008.

David Landess, Paula Landess, Santa Teresa, NM, Pro Se Appellants.

Somer, Udall, Hardwick, Ahern & Hyatt, LLP, Kurt A. Sommer, Denise M. Laktas, Santa Fe, NM, William H. Lazar, Tesuque, NM, for Appellee.

## OPINION

SUTIN, Chief Judge.

{1} Pro se Appellants, David and Paula Landess (Taxpayers), appeal from the district court's grant of summary judgment in favor of Appellee, Gardner Turf Grass, Inc. (Gardner), dismissing their complaint and imposing sanctions under Rule 1–011 NMRA for bringing a frivolous action. Taxpayers argue that summary judgment and sanctions were improperly granted. Concluding that Taxpayers' arguments are without merit, we affirm.

**BACKGROUND**

{2} David Landess is an at-will employee of Gardner. Directed by the Internal Revenue Service (IRS), Gardner withheld federal income taxes from Mr. Landess's wages in accordance with federal tax law. On May 17, 2005, Taxpayers filed an action in district court for debt and money due and conversion. By way of answer and motion to dismiss, Gardner explained that the money allegedly due was withheld federal income tax in an amount that Mr. Landess contends is greater than he owes.

{3} In early 2001, Mr. Landess submitted to Gardner an Employee's Withholding Allowance Certificate, Form W–4, on which he claimed he was exempt from withholding. In early 2004, Mr. Landess submitted another W–4 to Gardner, again claiming to be exempt from withholding. Gardner submitted both of these forms to the IRS, but continued to withhold taxes from Mr. Landess's wages and to forward them to the IRS.

{4} In December 2004, a letter was sent to Gardner by the Questionable W–4 Program of the IRS. The letter directed Gardner to disregard the W–4 submitted by Mr. Landess and to withhold taxes as if he were claiming to be single with no allowances. The letter informed Gardner that employers are liable for the taxes they are required to deduct and that employers who fail to withhold taxes are subject to civil and criminal penalties. *See* I.R.C. § 6672(a) (West 1998) (providing for imposition upon employers of a civil penalty "equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over"); I.R.C. § 7202 (West 1954) (providing criminal penalties of a fine up to $10,000 or imprisonment for up to five years, or both). The letter also stated that employees have no cause of action against employers to recover wages withheld and paid to the United States. *See* I.R.C. § 3403 (West 1983) (providing that employers "shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment").

{5} The district court granted summary judgment in favor of Gardner, dismissing Taxpayers' complaint and imposing sanctions under Rule 1–011 for bringing a frivolous action. This appeal followed. Although the amount of attorney fees was not determined, the judgment was sufficiently final for appeal. *See San Juan 1990–A, L.P. v. El Paso Prod. Co.,* 2002–NMCA–041, ¶¶ 16, 19, 132 N.M. 73, 43 P.3d 1083.

## DISCUSSION

## I.R.C. § 3403 (West 1983) CREATES A STATUTORY BAR TO TAXPAYERS' SUIT

{6} A de novo standard of review applies to the construction and legal effect of § 3403.

*See State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) (stating that "[i]nterpretation of a statute is an issue of law" that is reviewed de novo). The district court's determination that § 3403 bars the action is implicit in its dismissal of the action and in its conclusion that the Taxpayers' complaint was frivolous.

■ {7} "Taxpayers' arguments are typical of the many taxpayer protester arguments summarily rejected by courts throughout the country." *Stockton v. N.M. Taxation & Revenue Dep't,* 2007–NMCA–071, ¶ 9, 141 N.M. 860, 161 P.3d 905; *see generally* Christopher S. Jackson, *The Inane Gospel of Tax Protest: Resist Rendering Unto Caesar—Whatever His Demands,* 32 Gonz. L.Rev. 291 (1996–97) (discussing common tax protester arguments). As our *Stockton* decision points out, relying on the Supreme Court's decision in *Holt v. N.M. Dep't of Taxation & Revenue,* 2002–NMSC–034, ¶ 3, 133 N.M. 11, 59 P.3d 491, these taxpayer protest cases are frequently frivolous and effect "unnecessary expenditure[s] of public resources." *Stockton,* 2007–NMCA–071, ¶ 9, 141 N.M. 860, 161 P.3d 905 (internal quotation marks omitted). In this case, we hold Taxpayers' lawsuit frivolous and a misuse of public resources as well.

{8} The federal income tax paid by a wage earner is collected at the source; the Internal Revenue Code requires employers to deduct and withhold income tax from the wages of their employees. I.R.C. § 3402(a)(1) (West 2006). The employer withholds the taxes as "a special fund in trust for the United States." I.R.C. § 7501(a) (West 1954). Withheld taxes "are credited to the employee regardless of whether they are paid by the employer" to the IRS. *Slodov v. United States,* 436 U.S. 238, 243, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978); *Howard v. United States,* 711 F.2d 729, 733 (5th Cir. 1983). The employee is not liable for any additional payment. *Purdy Co. of Ill. v. United States,* 814 F.2d 1183, 1186 (7th Cir. 1987). The Code makes employers "liable for the payment of the tax required to be deducted and withheld under this chapter." § 3403. Employers who willfully fail to comply with the withholding requirements face

civil and criminal penalties. *See* §§ 6672(a), 7202. In addition, § 3403 immunizes the employer from liability "to any person for the amount of any such payment." It has been consistently held that under § 3403 "[e]mployees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability." *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir.1984); *see Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 770 (9th Cir.1986); *Wise v. Comm'r of I.R.S.*, 624 F.Supp. 1124, 1128 (D.Mont.1986); *Peth v. Breitzmann*, 611 F.Supp. 50, 54 (E.D.Wis.1985).

 {9} State courts lack subject matter jurisdiction to adjudicate cases such as this, because "[c]laims by employees against employers to recover federal or state withholding are statutorily barred." *Malan v. Dalmer*, 722 N.E.2d 1274, 1276–77 (Ind.Ct. App.2000) (citing § 3403 and stating that "the employer is liable for those sums only to the government and 'shall not be liable to any person for the amount of any such payment' "). Section 3403 is part of a comprehensive statutory scheme that occupies the field with regard to the collection and payment of federal taxes and preempts the operation of state law within that field. *See Srader v. Verant*, 1998–NMSC–025, ¶ 7, 125 N.M. 521, 964 P.2d 82 (stating that preemption occurs when "federal law so occupies the field that state courts are prevented from asserting jurisdiction" (internal quotation marks and citation omitted)). Taxpayers have asserted state causes of action that are intended to frustrate the operation of federal law. The doctrine of federal preemption bars states from legislatively or judicially frustrating uniform federal policy. *Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 7, 126 N.M. 396, 970 P.2d 582.

{10} The case at hand is factually similar to *King v. Gilman Paper Co.*, 181 Ga.App. 275, 351 S.E.2d 710, 710 (1986), in which the court held that § 3403 of the Internal Revenue Code "affords employers complete immunity from liability to employees for federal income taxes withheld from their pay." The employer in *King* complied with a directive from the IRS to withhold federal income taxes from the employee as if he were single and claimed one allowance after the employee claimed no federal income tax from the previous year. *King*, 351 S.E.2d at 710. The same result as in *King* should obtain here.

{11} Taxpayers' claims against Gardner are based entirely on Gardner's withholding of federal income tax from Mr. Landess's wages as required by federal law. That being the case, Taxpayers are barred by § 3403 from pursuing any cause of action against Gardner in connection with Gardner's withholding from Mr. Landess's wages.

{12} Taxpayers contend that this case is not necessarily about withheld taxes, that the documents in the record so showing were improperly considered, and that the district court did not properly consider the effect of Taxpayers' argument concerning community property. We disagree. Gardner submitted an affidavit authenticating the IRS letter that was also submitted to the district court. Thus, there was a sufficient showing of the factual basis for the district court to have granted summary judgment. Taxpayers' arguments concerning community property were properly ruled to be irrelevant. As the IRS documents in the record demonstrate, taxpayers pay taxes, and taxes are withheld, based on filing status and type of return filed. State marital property laws simply do not apply. *See Srader*, 1998–NMSC–025, ¶ 7, 125 N.M. 521, 964 P.2d 82 (stating the rule of preemption).

{13} The district court's grant of summary judgment is affirmed.

**BECAUSE TAXPAYERS' COMPLAINT WAS FRIVOLOUS, THE DISTRICT COURT PROPERLY AWARDED ATTORNEY FEES AS A SANCTION**

 {14} "A court may award attorney[ ] fees in order to vindicate its judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." *State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 120 N.M. 1, 5, 896 P.2d 1148, 1152 (1995). "It has long been recognized that a court must be able to command the obedience of litigants and their attorneys if it is to perform

its judicial functions. Such powers inhere in judicial authority and exist independent of statute[.]" *Id.* at 4, 896 P.2d at 1151. The district court awarded Gardner attorney fees as a sanction against Taxpayers for subjecting Gardner and the court to the burdens of frivolous litigation, based upon Rule 1–011.

{15} Under Rule 1–011, a pleader's signature "constitutes a certificate by the signer ... that to the best of the signer's knowledge, information and belief there is good ground to support [the complaint.]" The rule further provides that "[f]or a willful violation of this rule an attorney or party may be subjected to appropriate disciplinary or other action." *Id.*

{16} The "good ground" requirement of the rule "is appropriate only in those rare cases in which [a party] deliberately presses an unfounded claim or defense." *Rangel v. Save Mart, Inc.*, 2006–NMCA–120, ¶ 11, 140 N.M. 395, 142 P.3d 983 (internal quotation marks and citation omitted). In contrast to the standard in federal courts, the New Mexico test for the propriety of Rule 1–011 sanctions is subjective.

> Any violation depends on what the attorney or litigant knew and believed at the relevant time and involves the question of whether the litigant or attorney was aware that a particular pleading should not have been brought. Sanctions should be entered against an attorney rather than a party only when a pleading or other paper is unsupported by existing law rather than unsupported by facts.

*Rivera v. Brazos Lodge Corp.*, 111 N.M. 670, 675, 808 P.2d 955, 960 (1991). In the case of a pro se litigant, therefore, the sanctions for pleadings unsupported by law may be against the party. The district court's imposition of sanctions is reviewed for abuse of discretion. *Id.* This is because:

> The trial judge is in the best position to view the factual circumstances surrounding an alleged violation and must exercise sound judgment concerning the imposition of sanctions. Because Rule 11 gives courts discretion to fashion sanctions to fit specific cases, no mechanical rules can be stated.

*Id.* Similarly, an award of attorney fees under the court's inherent powers is reviewed for abuse of discretion. *Baca,* 120 N.M. at 8, 896 P.2d at 1155.

{17} We hold that the district court acted within its discretion in awarding attorney fees as a sanction for Taxpayers' filing of a frivolous lawsuit. Taxpayers' lawsuit belongs to a vexing class of suits attacking the validity of well-established federal tax laws. These patently meritless actions abuse the judicial process and impose enormous burdens on the courts and the parties who must defend such claims. Courts have no hesitation in treating such claims as "plainly frivolous, brought in bad faith, and for the purposes of harassment." *Bright,* 780 F.2d at 772; *see Edgar,* 744 F.2d at 1278 (characterizing as "patently frivolous" a similar "appeal filed by abusers of the tax system merely to delay and harass the collection of public revenues"). As the Tenth Circuit stated in *Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir.1990):

> We are confronted here with taxpayers who simply refuse to accept the judgments of the courts.... [T]he courts are not powerless in these circumstances and are not required to expend judicial resources endlessly entertaining repetitive arguments. Nor are opposing parties required to bear the burden of meritless litigation.

{18} These observations apply to Taxpayers' action against Gardner. Taxpayers sought to camouflage their tax protest as a contract action against Gardner for its acting in compliance with federal law. Taxpayers' willful subjection of Gardner to the defense of this frivolous action is precisely the kind of activity Rule 1–011 is designed to deter and in which a court may impose sanctions in the exercise of its inherent powers.

{19} The district court determined, based on properly authenticated documents, that Taxpayers were seeking reimbursement for money withheld for taxes and paid to the IRS by Gardner as required by law. The court's finding that the claim was frivolous necessarily followed. Under the circumstances of this case, we conclude these findings were sufficiently particularized to justify an award of attorney fees to Gardner for

its having to defend frivolous and vexatious litigation and to vindicate the court's interest in deterring frivolous lawsuits. *See Baca*, 120 N.M. at 8, 896 P.2d at 1155 (approving the Court's prior holding in *Rivera* that an award of attorney fees under Rule 1–011 requires "particularized findings of misconduct"). Courts have the inherent power, independent of statute or rule, to award attorney fees "to vindicate [their] judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." *Baca*, 120 N.M. at 5, 896 P.2d at 1152.

{20} Taxpayers' lawsuit was frivolous from inception, burdening both Gardner and the court with a senseless attempt to impose liability upon Gardner for its compliance with federal tax laws. The district court properly awarded attorney fees as a sanction.

**ATTORNEY FEES SHOULD LIKEWISE BE AWARDED FOR THE APPEAL**

{21} Gardner requests an award of attorney fees for work done on appeal. We may award attorney fees where permitted by law. Rule 12–403(B)(3) NMRA. Taxpayers' continuation of their frivolous contentions on appeal imposed on this Court and Gardner the same burden as they did in the district court. An appellate court should have the same authority as a district court to exercise inherent authority to sanction frivolous litigation. *See Baca*, 120 N.M. at 4–5, 896 P.2d at 1151–52. Although permitted by statute, federal courts routinely award appellate fees for frivolous litigation in the identical situation as that presented in this case. *See Edgar*, 744 F.2d at 1278–79; *Bright*, 780 F.2d at 772–73; *cf. King*, 351 S.E.2d at 711 (awarding a penalty pursuant to court rule for a frivolous appeal on similar facts). In addition to setting the amount of attorney fees for the district court proceedings, we direct the district court to award an appropriate fee for work performed in connection with this appeal.

**CONCLUSION**

{22} The judgment of the district court granting summary judgment and the sanction are affirmed. We remand for determination of the amount of attorney fees to be awarded.

{23} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and MICHAEL E. VIGIL, Judges.