This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SCOTT J. DAVIDSEN,**

Plaintiff-Appellee/Cross-Appellant,

v.                                                    **No. 31,372**

**MARK K. STEPHANZ, ADVANCED PAINTING & CONSTRUCTION SERVICES, LLC, and FISH CREEK ENTERPRISES, LLC,**

Defendants-Appellants/Cross-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Grady Law & Mediation LLC
David A. Grady
Albuquerque, NM

for Appellee/Cross-Appellant

Kelley Law Offices
Cody K. Kelley
Charlotte L. Itoh
Albuquerque, NM

for Appellants/Cross-Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendants appeal from the district court order awarding attorney fees to Plaintiff in the amount of $2,175.00. Plaintiff filed a cross-appeal challenging the district court's award because the district court did not award Plaintiff his requested amount of $13,158.63. This Court issued a calendar notice proposing to summarily reverse the district court's award of attorney fees. Both parties have filed memoranda in response to our proposed disposition. Having given due consideration to the parties' arguments, we reverse.

In this Court's calendar notice, we pointed out that New Mexico adheres to the American rule, which provides that absent a contrary statute, court rule, or contractual provision, litigants are responsible for their own attorney fees. *New Mexico Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 9, 127 N.M. 654, 986 P.2d 450. We also pointed out that parties can enter into contractual agreements that deviate from the American rule. *See id.* (stating that the American rule recognizes "the authority of . . . contractual agreement"). However, we suggested that to the extent the parties relied on the settlement agreement to support their respective requests for attorney fees, the settlement agreement did not appear to provide for any deviation from the American rule. [CN 4-5] Further, we noted that while New Mexico appellate courts "have recognized that an award of attorney fees without a basis in a statute,

contractual provision, or court rule may be justified as an exercise of a court's inherent powers when litigants, their attorneys, or both have engaged in bad faith conduct before the court or in direct defiance of the court's authority," there was no indication from the district court's order that this was the basis for the award. *See id.* ¶ 16 (internal quotation marks and citation omitted); *see also Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 19, 145 N.M. 372, 198 P.3d 871 ("Courts have the inherent power, independent of statute or rule, to award attorney fees to vindicate their judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." (internal quotation marks and citation omitted)). [SRP 283-84]

Plaintiff has responded by arguing that, because both parties sought attorney fees under the same provision of the settlement agreement, the parties have in effect modified the contract through their conduct. [MIO 2-3] In support of his argument, Plaintiff relies on NMSA 1978, Section 55-2-207 (1961), and UJI 13-1817 NMRA for the proposition that "a contract can be modified by conduct." [MIO 3] We understand Plaintiff to request that this Court make a factual determination on appeal that the contract was modified to include a provision permitting the recovery of attorney fees, as this issue was not raised below.

We do not review arguments that are raised for the first time on appeal. *See Campos Enters., Inc. v. Edwin K. Williams & Co.,* 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855. "It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case." *State v. Gonzales,* 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355. Instead, appellate courts are restricted to determining questions of law and leaving factual determinations to the trial court. *See In re Estate of Farrington*, 91 N.M. 143, 145, 571 P.2d 410, 412 (1977) (The appellate court is restricted to determine questions of law and must leave factual determinations to the trial court.).

Moreover, to the extent Plaintiff would attempt to characterize this inquiry as a right for any reason analysis by this Court, our Supreme Court has held that, when applying a right for any reason analysis, our appellate courts "will not assume the role of the trial court and delve into fact-dependent inquiries." *Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (internal quotation marks and citation omitted); *see also Paz v. Tijerina*, 2007-NMCA-109, ¶¶ 22-25, 142 N.M. 391, 165 P.3d 1167 (reversing an award of attorneys fees that were not authorized by statute and declining to award attorneys fees as a sanction for bad faith conduct under a right for any reason rationale because "it would be unfair to now affirm the award on such fact-dependent grounds of bad faith conduct when the district court made no

findings on this issue"). Because the issue of modification was not raised below and because it requires a fact-dependent analysis, we do not consider Plaintiff's argument that a modification of the settlement agreement supports the district court's award of attorney fees.

For the reasons stated above and in this Court's notice of proposed disposition, we reverse the district court's award of attorney fees.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**J. MILES HANISEE, Judge**