This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40403**

**PEDRO G. RAEL and LYDIA A. PIRO,**

Plaintiffs-Appellants

v.

**BRANDON PATTERSON; STEPHANA PATTERSON; and ASCENSION FINANCIAL GROUP, LLC, a New Mexico limited liability company,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CATRON COUNTY**
**Shannon Murdock, District Court Judge**

Pedro G. Rael
Los Lunas, NM

for Appellants

Moses, Dunn, Farmer & Tuthill, P.C.
Mark A. Glenn
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This case concerns a dispute about access along a deeded easement to real property owned by Pedro Rael and Lydia Piro (Plaintiffs). The case was filed to enjoin Brandon and Stephana Patterson, tenants of Ascension Financial Group, LLC, the owner of the burdened estate (collectively, Defendants) from blocking access to Plaintiffs' property with a gate and construction materials. This dispute was resolved by

the agreement of the parties (after a preliminary injunction hearing) to a permanent injunction and easement appurtenant. Two issues remained unresolved: (1) Plaintiffs' claim that they were entitled to use a particular area for parking at a nearby local cemetery based on express or implied public dedication; and (2) Plaintiffs' motion for attorney fees, alleging that the litigation was frivolous and in bad faith. We affirm the denial of attorney fees, and reverse and remand for consideration of the public dedication issues.

**BACKGROUND**

**{2}**    In April 2021, Defendants the Pattersons erected a gate across Plaintiffs' deeded access easement and left construction materials nearby, which Plaintiffs claimed blocked the access easement to their property. Plaintiffs filed a petition for preliminary and permanent injunction on May 10, 2021, seeking (1) an injunction requiring removal of the gate and any materials blocking their easement, (2) a declaration of their right of access and the width of the easement, (3) recognition by the court of the prior public dedication of Aragon Cemetery and the express or implied dedication of areas surrounding the cemetery for parking for Plaintiffs and other visitors to the cemetery, and (4) attorney fees.

**{3}**    Without objection from either party, the district court appointed a special master under Rule 1-053 NMRA. Following two days of hearings, the special master granted a preliminary injunction, which was approved by the district court. Prior to trial on a permanent injunction, Defendants withdrew their counterclaims. The parties then agreed to a permanent injunction resolving the access easement issues and the ownership of the cemetery.

**{4}**    Plaintiffs then filed a motion for attorney fees as a sanction for bad faith or frivolous litigation. The special master set the remaining public dedication issues concerning parking around the cemetery for trial. Shortly before the scheduled trial on public dedication, Plaintiffs filed a motion to sever their public dedication claim. The motion added Catron County and the Board of Catron County Commissioners to the case caption, but no motion to amend the complaint to add these parties was filed. Defendant Ascension Financial Group filed a response objecting to severance. The motion was not resolved prior to the scheduled trial date on the public dedication issues.

**{5}**    At trial, following a lengthy discussion with counsel of the evidence that might be relevant to the Plaintiffs' public dedication claim, and the testimony that Plaintiffs were prepared to offer, the special master sua sponte decided that parties necessary for adjudication—the Catron County Commission, Village of Aragon representatives or "The Public"—had not been joined and, on this basis, recommended dismissal of the remaining public dedication claims. Based on the written motion and response, the special master also recommended that Plaintiffs' motion for attorney fees be denied, finding, in relevant part, that the defense was not frivolous and fees were not due for misconduct prior to the litigation.

**{6}** Plaintiffs filed written objections with the district court to the special master's recommendations. They argued that appointment of a special master was improper and that the special master lacked authority; and alternatively, that the special master erred in recommending dismissal of their public dedication claims based on the absence of necessary parties and in denying their motion for attorney fees.

**{7}** Without holding a hearing on Plaintiffs' objections, the district court issued an order adopting the special master's recommendations to dismiss the public dedication claims based on the absence of necessary parties and to deny Plaintiffs' motion for attorney fees. Plaintiffs appealed.

## DISCUSSION

**{8}** We address what we understand to be the four dispositive issues Plaintiffs raise on appeal: (1) whether the district court erred by appointing a special master under Rule 1-053; (2) whether the district court was required to hold an in-person hearing before resolving Plaintiffs' objections and adopting the recommendations of the special master; (3) whether Plaintiffs' public dedication claims were properly dismissed for lack of necessary parties; and (4) whether the district court abused its discretion in accepting the recommendations of the special master to deny Plaintiffs' request for attorney fees. We address these arguments in turn.

## I. The District Court Did Not Err in Appointing the Special Master

**{9}** Although Plaintiffs acknowledge that they failed to object to the appointment of the special master, and that therefore this issue was not preserved for appeal, they claim that preservation was not required because the district court lacked jurisdiction to appoint a special master. We do not agree.

**{10}** "The only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether this kind of claim the plaintiff advances falls within the general scope of authority conferred upon such court by the constitution or statute." *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 12, 120 N.M. 133, 899 P.2d 576. (internal quotation marks and citation omitted). Rule 1-053 gives the district court wide discretion to appoint a special master in any type of case where the district court decides that the nature or complexity of the case justifies such an appointment. *See Schwartzman v. Schwartzman Packing Co.*, 1983-NMSC-010, ¶ 17, 99 N.M. 436, 659 P.2d 888. Plaintiffs' arguments that this case was not complex enough to justify the appointment of a special master, and that appointing an attorney who also served as a domestic relations hearing officer for the district court was improper, are challenges to the court's exercise of its discretion under Rule 1-053, not jurisdictional challenges.

**{11}** Plaintiffs' participation in multiple hearings before the special master without objection and Plaintiffs' acceptance of the rulings of the special master so long as they favored Plaintiffs constitute a waiver of any objection to the special master's appointment. *See State v. Jason F.*, 1998-NMSC-010, ¶ 9, 125 N.M. 111, 957 P.2d

1145 (stating that failure to object to appointment of a special master under Rule 10-111(A) NMRA (1995) was waiver of the objection). Therefore, we find no error.

## II.    The District Court Was Not Required to Hold an In-Person Hearing on Plaintiffs' Written Objections to the Special Master's Recommendations

**{12}**    Plaintiffs argue repeatedly in their brief that the district court was required to conduct an in-person hearing on their written objections to the special master's recommendations. We do not agree.

**{13}**    During the pendency of this appeal, our Supreme Court decided *Rawlings v. Rawlings*, 2024-NMSC-008, 548 P.3d 43. In *Rawlings*, our Supreme Court construed the closely related Rule 1-053.2 NMRA (2017) and the current Rule 1-053.2, governing the appointment of a domestic relations hearing officer. *Rawlings* clarifies the meaning of the term "hearing" in the context of resolution of a party's objections to the hearing officer's or special master's recommendations, a term used in this context in both Rule 1-053.2 and in Rule 1-053. *Rawlings*, 2024-NMSC-008, ¶ 14. Our Supreme Court held that "[a]s long as each party can prepare objections and provide responses, and where notice has been properly given, then each party has been heard within the meaning of the underlying rule." *Id.*

**{14}**    In this case, Plaintiffs filed written objections, Defendants filed responses, and both parties filed supplemental briefs and motions. The full record, including transcripts of the hearings and copies of the exhibits, were submitted to the district court. *See* Rule 1-053(E)(1). Plaintiffs have failed to persuade us that either the district court's ruling without an in-person hearing violated Rule 1-053, or denied Plaintiffs due process. We see no relevant distinction between Rule 1-053.2 and Rule 1-053 under the circumstances of this case, where the special master served as a hearing officer conducted a hearing and providing the district court with findings and conclusions and recommendations. We express no opinion about whether an in-person hearing on objections to a special master's recommendations would be required in other cases where the task assigned to the special master differed from the assignment in this case. *See* Rule 1-053(C) (providing for the appointment of a special master to perform a variety of functions).

**{15}**    Plaintiffs also claim that the district court's order in this case fails to reflect that the court conducted an independent review of the record and made a reasoned decision. We do not agree. The district court's order in this case states that the court reviewed both the pleadings and the hearing record. This is all that is required to establish an independent, reasoned basis for the decision. *See Rawlings*, 2024-NMSC-008, ¶ 19 ("The amended final decree also contained the district court judge's reasoned basis by stating that it 'conducted an independent review' in adopting the hearing officer's recommendations.").

**{16}**    We next address Plaintiffs' challenge to the district court's denial of their motion for attorney fees.

### III.    The District Court Did Not Abuse Its Discretion in Denying Attorney Fees

**{17}**    Plaintiffs argue that the court should have awarded attorney fees for the litigation concerning the blocking of their access easement by the Pattersons under the bad faith exception to the American rule. That exception provides that "[a] court may award attorney fees in order to vindicate its judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." *State ex rel. N.M. State Hwy. & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 12, 120 N.M. 1, 896 P.2d 1148.

**{18}**    We review the sanction of attorney fees for abuse of discretion. *Id.* ¶ 26. "An abuse of discretion occurs when the court's ruling is clearly against the logic and effect of the facts and circumstances of the case or is based on a misunderstanding of the law." *Tran v. Bennett*, 2018-NMSC-009, ¶ 30, 411 P.3d 345 (internal quotation marks and citation omitted).

**{19}**    The special master's recommendation to deny Plaintiffs' motion for attorney fees, adopted by the district court as an order of that court, turns on the special master's finding that the litigation was not frivolous. Litigation is frivolous when it lacks all merit. *See Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 17, 145 N.M. 372, 198 P.3d 871 (holding that courts can impose attorney fees as a sanction for having to bear the burden of meritless or vexatious litigation). Claims or defenses that are arguable, even if ultimately unpersuasive, are not frivolous. *See Bernier v. Bernier ex rel. Bernier*, 2013-NMCA-074, ¶ 47, 305 P.3d 978 (refusing to award attorney fees where the issue raised merited consideration by the court).

**{20}**    The special master found that Defendants' defense to the claim that they blocked Plaintiffs' easement was not entirely without merit. Defendants claimed that they did not block Plaintiffs' access because they gave Plaintiffs a key to the gate that they erected. We agree that this defense, although unavailing, had merit and required consideration of the nature of the easement before it could be rejected. *See Dethlefsen v. Weddle*, 2012-NMCA-077, ¶ 35, 284 P.3d 452 (recognizing that some easements contemplate the use of a lockable gate).

**{21}**    Plaintiffs also point to the prelitigation conduct of the Pattersons as a basis for an award of attorney fees. On this question, the special master correctly applied the law allowing attorney fees only for bad faith, frivolous, or vexatious conduct occurring during the litigation. Attorney fees are a sanction courts have the inherent power to impose as part of their authority to control their courtroom and the conduct of the litigation in front of them. This authority does not extend to the conduct that brings the parties before the court. *See Baca*, 1995-NMSC-033, ¶ 24 ("[T]he district court's inherent authority does not extend to the conduct that gave rise to the underlying cause of action."). Because Defendants' conduct prior to the litigation was not relevant to the fees determination, the special master did not err in excluding the video evidence Plaintiffs sought to introduce.

**{22}** Finally, the special master rejected the Plaintiffs' argument that attorney fees should be awarded to sanction the Defendants for filing frivolous or vexatious counterclaims. Although improper counterclaims could support an award of fees, it was not unreasonable for the special master to consider Defendants' voluntary dismissal of these counterclaims prior to their being heard. The purpose of an award of attorney fees is "to vindicate [the court's] judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." *Id.* ¶ 12. The special master's finding that sanctions were not required given the voluntary withdrawal of the counterclaims is not unreasonable and is supported by the record.

**{23}** We therefore do not agree that the district court abused its discretion in accepting the special master's recommendation to deny attorney fees to Plaintiffs.

## IV. Dismissal of the Public Dedication Claims

**{24}** Plaintiffs finally argue that the district court erred in dismissing their public dedication and implied public dedication claims because indispensable parties had not been joined. The district court adopted the special master's conclusion that "parties necessary for full adjudication, i.e., 'The Public' or entities that would be have . . . authority for such dedication such as Catron County Commission, or Aragon Community representatives" were not joined. We agree that Plaintiffs' public dedication claims should not have been dismissed without allowing Plaintiffs the opportunity to either present evidence of an implied public dedication, not requiring additional parties, or to allow joinder of the county commission or a representative of the village.

**{25}** If the Plaintiffs were seeking solely an implied public dedication that would allow them as members of the public, to park in a particular spot next to the cemetery, their claim was similar to a claim for a public easement, which does not require representatives of the government to be joined as parties, because it does not necessarily involve a dedication to any government entity. *See, e.g.*, *Luevano v. Maestas*, 1994-NMCA-051, ¶ 29, 117 N.M. 580, 874 P.2d 788 (noting the similarity between prescriptive easements and implied dedication). If instead Plaintiffs claim a public dedication to the county, as their motion for severance suggests, the county is likely a necessary party. Dismissal of the case, however, is not the appropriate remedy. Rule 1-019(A) NMRA requires joinder of parties found necessary for a just adjudication if joinder is feasible, not dismissal of the case. There was no showing here that the county could not be properly joined if indeed it was a necessary party.

**{26}** We therefore reverse the dismissal of Plaintiffs' public dedication and implied dedication claims and remand to allow the district court to determine whether there are necessary parties who have not been joined. If the county or other local government entities are determined to be necessary parties, Plaintiffs should be given the opportunity to join those parties, pursuant to the terms of Rule 1-019(A). *See G.E.W. Mech. Contractors v. Johnston Co.*, 1993-NMCA-081, ¶ 14, 115 N.M. 727, 858 P.2d 103 (noting that "philosophy underlying enactment of [Rule 1-019] is to avoid dismissal wherever possible" by giving the claimant an opportunity to add the nonjoined person).

**CONCLUSION**

**{27}** For the foregoing reasons, we reverse the district court's dismissal of Plaintiffs' public dedication claim and remand to allow the district court to determine whether there are necessary parties who must be joined and if so, to order their joinder before proceeding to resolve the Plaintiffs' public dedication claim. We affirm the district court's denial of attorney fees.

**{28} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**