This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41270

**AHC OF ALBUQUERQUE, LLC,**

Plaintiff/Counterdefendant-Appellee,

v.

**ELIZABETH VENCILL, Personal Representative of the ESTATE OF ROSE STACY,**

Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Court Judge**

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Charles R. Hudson
Albuquerque, NM

for Appellee

Elizabeth Stacy Vencill
Albuquerque, NM

for Appellant

### DISPOSITIONAL ORDER

**BACA, Judge.**

The Estate of Rose Stacy, by its personal representative and attorney of record, Elizabeth Stacy Vencill (collectively, Defendants) appeals from the district court's order partially granting Plaintiff AHC of Albuquerque LLC's motion for summary judgment and the district court's imposition of sanctions short of dismissal upon Plaintiff for failing to disclose an extraneous interaction between a witness and a juror during trial. For the

reasons that follow, we affirm the district court's judgment on all claims of error, and remand the case to determine the amount of attorney fees to be awarded to Defendant from Plaintiff arising from the sanction imposed by the district court. Defendant's motion for oral argument is denied.

1.    Plaintiff filed a complaint alleging that Defendant Rose Stacy was in default on her account with Plaintiff and owed $38,655.46. The complaint further alleged that Defendant's account was an open account and therefore, Plaintiff was entitled to costs and reasonable attorney fees under NMSA 1978, Section 39-2-2.1 (1975). Defendant answered and asserted several counterclaims. After discovery closed, Plaintiff moved for summary judgment on all of its claims and Defendant's counterclaims. The district court granted summary judgment in part, dismissing Defendant's counterclaims, and determining that the matter presented an open account.

2.    A jury trial was held to determine the amount owed on Defendant's open account. Late on the fourth day of trial, the district court learned from its bailiff that there had been an interaction between a juror and Plaintiff's principal witness during trial. The district court held an evidentiary hearing the following morning to determine the nature and extent of the interaction between the witness and the juror, and to decide what measures, if any, to take as a result. The witness, the juror, and the bailiff testified at the hearing. After the testimony, the district court excused the juror and replaced the juror with an alternate. The jury later returned a verdict in favor of Plaintiff. About one week after the jury rendered its verdict, Defendant filed a motion for ultimate sanctions asking the district court to dismiss the case as a sanction for Plaintiff's failure to report the extraneous interaction to the court. The district court denied Defendant's request for dismissal of the complaint, but granted the request to sanction Plaintiff.

3.    On appeal, Defendant advances three arguments. First, that the district court erred in granting Plaintiff's motion for summary judgment and dismissing Defendant's counterclaims. Second, that the district court erred in determining that Defendant's account with Plaintiff was an open account. Third, that the district court erred by denying Defendant's request to dismiss the case due to the extraneous interaction between the witness and the juror.

4.    In resolving the issues raised in this appeal, we have carefully reviewed the briefs, applicable law, arguments made by the parties, and the record.

5.    As we understand Defendant's first argument, she contends that Plaintiff did not successfully establish a prima facie case for summary judgment on all of her counterclaims. However, the substance of Defendant's argument is unclear and underdeveloped. To the extent that Defendant points to evidence in the record to support her argument, she makes no effort either to establish the admissibility or to explain the relevance of the various attachments. For example, Defendant maintains that Plaintiff's billing statements were incorrect, but does not explain how the purportedly incorrect billing statements establish that Plaintiff was not entitled to summary judgment on her counterclaims. Further, while Defendant includes a number of case summaries in her brief, she makes no effort to connect the facts of those cases

to the facts of her appeal. Because Defendant's argument is unclear and underdeveloped, we decline to address it further. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court has no duty to review an argument that is not adequately developed, and "[w]e will not review unclear arguments, or guess at what [a party's] arguments might be"); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." (citation omitted)); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [district] court's actions. Appellant must affirmatively demonstrate its assertion of error.").

6.      Second, Defendant does not challenge the district court's factual findings as to its determination that her account with Plaintiff was an open account. Rather, Defendant summarizes the procedural background of the issue and again provides case summaries without explaining how those cases relate to the facts of her appeal. Because Defendant does not challenge the district court's findings as to this issue, we conclude that its findings are conclusive. *See* Rule 12-318(A)(4) NMRA (stating that an appellant's argument must "set forth a specific attack on any finding, or the finding shall be deemed conclusive"); *Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the [district] court is binding on appeal."). Accordingly, we find no error in the district court's determination that Plaintiff was entitled to costs and reasonable attorney fees under Section 39-2-2.1.[1]

7.      Lastly, we reject Defendant's argument that the district court erred by denying her request to dismiss the case as a sanction for Plaintiff's failure to report the extraneous juror interaction to the court. We review the district court's imposition of sanctions for an abuse of discretion. *Weiss v. THI of N.M. at Valle Norte, LLC*, 2013-NMCA-054, ¶¶ 15-16, 301 P.3d 875 (stating that abuse of discretion is the standard of review for discovery sanctions, Rule 1-011 NMRA sanctions, and sanctions imposed based on the inherent power of a court to control its proceedings). The trial judge is in the best position to view the factual circumstances surrounding an alleged violation and must exercise sound judgment concerning the imposition of sanctions. *See Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 16, 145 N.M. 372, 198 P.3d 871. An abuse of discretion is only found "when the [district] court's decision is clearly untenable or contrary to logic and reason" or "if [the district court] based its ruling on an erroneous

_____

1Defendant also argues that the Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2025), does not provide a basis for the district court's award of attorney fees. However, the district court awarded attorney fees pursuant to the UPA as an alternative to the award under the open account statute. Therefore, because we affirm the district court's ruling that AHC was entitled to costs and reasonable attorney fees under Section 39-2-2.1, we need not address the alternative grounds for the fee award.

view of the law or on a clearly erroneous assessment of the evidence." *Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶¶ 16, 17, 111 N.M. 670, 808 P.2d 955.

8. When a district court learns of an extraneous juror communication, the appropriate remedy is typically to conduct an evidentiary hearing to determine "whether the intrusion affected the jury's deliberations and thereby its verdict." *Kilgore v. Fuji Heavy Indus. Ltd.*, 2010-NMSC-040, ¶ 28, 148 N.M. 561, 240 P.3d 648 (alteration, internal quotation marks, and citation omitted). That is exactly what the district court did in this matter—upon learning about the contact between the juror and the witness, the district court scheduled an evidentiary hearing for the following morning to determine the nature and extent of the interaction between the witness and the juror to decide what measures, if any, to take as a result.

9. The district court sanctioned Plaintiff for its failure to report the interaction to the court, and ordered Plaintiff to pay Defendant's fees for the time spent at trial dealing with this issue and for some portion of the time spent on Defendant's motion for ultimate sanctions. The court concluded that the sanction of dismissal was not merited because the interaction between the juror and Plaintiff's witness was slight and that the contact did not influence the verdict.

10. Defendant does not challenge the underlying facts nor the district court's conclusions about the incident. The sentiment that the district court was not harsh enough in its sanctions is not persuasive to establish that it abused its discretion in addressing the issue. Accordingly, we find no error in the district court's order denying Defendant's request for dismissal.

11. The parties note, however, that the district court has not yet quantified the attorney fee sanction that it imposed on Plaintiff for failing to disclose the juror interaction. Accordingly, we remand this matter to the district court for a determination of the amount to award.

**IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**